EGGERS *et al.* v. MANHATTAN RY. CO. *et al.*

(*Superior Court of New York City, Special Term.*    December, 1891.)

1. CONSTITUTIONAL LAW—LAWS AFFECTING REMEDIES.
    Code Civil Proc. § 970, provides that "where a party is entitled by the constitution, or by express provision of law, to a trial by a jury of one or more issues of fact," the court must, on motion, cause "those issues to be distinctly and plainly stated for trial accordingly."   Laws 1891, c. 208, amending this section, extends this right so as to embrace all actions "where one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover." *Held,* that such amendment is not unconstitutional, as it affects the remedy only.

2. SAME—PENDING ACTIONS.
    This amendment applies to actions pending when it took effect, as well as to actions subsequently brought.

3. CONSTRUCTION OF STATUTE.
    This amendment does not apply to questions which may incidentally arise as to the value of property, but only to those questions which directly and necessarily arise between the parties, and which both parties have a right to have determined.

4. PAST DAMAGES—RIGTH TO JURY TRIAL.
    In an action against an elevated railway company for injunction and damages, presenting an issue as to past damages, such issue comes within the amendment, and, on a motion to that effect, must be tried by a jury.

5. FEE DAMAGES—RIGHT TO JURY TRIAL.
    In such case the question of fee damage is not within the amendment, and defendant cannot, as a matter of right, demand that it be submitted to a jury.

6. SAME—DISCRETION OF TRIAL COURT.
    As a matter of discretion, however, the question as to fee damage will also be sent to the jury in every case where there is an issue as to past damages.

7. PAST DAMAGES—WAIVER.

Where plaintiff, in an action against an elevated railway company for injunction and damages, elects to waive his claim for past damages, the waiver must be filed in the form of a stipulation, and must be general, unconditional, and unqualified.

8. MOTIONS—TIME OF MAKING.

Laws 1891, c. 208, which permits motions under it to be made at any time, supersedes General Rules of Practice No. 31, providing that, in cases where the trial of issues of fact is not provided for by the Code, the party desiring a trial by jury "shall, within ten days after issue joined, give notice of a special motion that the whole issue * * * be tried by a jury."

9. NOTICE OF TRIAL—RIGHT TO A JURY—WAIVER.

In an action against an elevated railway company for injunction and damages, a party, by giving notice of trial, does not waive his right to move for a jury trial under Code Civil Proc. § 970, as amended by Laws 1891, c. 208.

10. MOTION TO SUBMIT—DENIAL.

A motion under this statute will not be denied on the ground that it is premature because the question as to the amount of damages may not for some reason be reached.

11. PRACTICE—FORMULATION OF ISSUES.

Where the plaintiff in an action against an elevated railway company does not waive his claim to past damages, there must be formulated: (1) An issue as to such past damages, as follows: "What amount of damages, if any, did plaintiff in this action sustain in the use or rental value of the premises described in the complaint from the day of ——, in the year ——, to the day of the trial of this issue, by reason of the construction, maintenance, and operation of the elevated railway in front of said premises?" (2) A question as to the value of the property taken by defendant, as follows: "What is the value of the property taken by the elevated railway company or companies from plaintiff by reason of the construction, maintenance, and operation of the elevated railway in front of plaintiff's premises, described in the complaint?"

12. PAST DAMAGES—WAIVER—MOTION TO SUBMIT.

Where the claim for past damages has been unconditionally waived, a motion to submit the issues to a jury will be denied.

Separate actions by George W. Eggers and others against the Manhattan Railway Company and another for injunction and damages. Motion by defendant to submit the issues to a jury. Granted.

*Leo C. Dessar, William W. Badger, Cannon & Atwater, Peckham & Tyler, Forster & Speir, Eugene D. Hawkins,* and *Wolff & Hodge,* for plaintiffs. *Davies, Short & Townsend, (Edward C. James,* of counsel,) for defendants.

FREEDMAN, J. This is a motion on the part of the defendants in the above-entitled action, and a large number of similar actions, for an order in each action directing the issues and questions arising on the pleadings as to the value of property, and as to the damages to be recovered by the plaintiffs, to be distinctly and plainly stated for trial by a jury, pursuant to the provisions of section 970 of the Code of Civil Procedure, as amended in 1891. The section, as thus amended, provides, among other things, that "where one or more questions arise on the pleadings as to the value of property, or as to the damages which a party may be entitled to recover, either party may apply, upon notice, at any time to the court for an order directing all such issues or questions to be distinctly and plainly stated for trial accordingly. Upon the hearing of the application the court must cause such issues or questions to be distinctly and plainly stated. * * *" The actions are brought to enjoin the defendants from maintaining and operating an elevated railway through such parts of the streets of the city of New York as are in front of the plaintiffs' premises, and to recover damages for injuries already inflicted upon plaintiffs' premises. The number of motions thus made is so large that almost every conceivable question which may arise under the amendment of the section referred to is presented for adjudication, and the array of counsel appearing in opposition to these motions is so great that the briefs submitted by them cannot be noticed in detail. I have therefore deemed it best to deliver a general opinion, which is intended to briefly cover all the points raised.

It is claimed that the amendment in question is unconstitutional for various reasons, but none of them appears to be tenable. The amendment is not directed against this court, but against every court of equity in the state. It does not deprive a court of equity of the jurisdiction or power to try certain actions or any action heretofore cognizable in equity. It simply directs that, in certain actions of this character, part of the issues or questions arising upon the pleadings shall be submitted to a jury. It therefore affects the remedy only, and anything which affects the remedy only cannot be claimed, except by the merest indirection, to be an interference with previously acquired jurisdiction or with a vested right. *Lennon* v. *Mayor*, etc., 55 N. Y. 361; *Dolan* v. *Mayor*, 62 N. Y. 472; *Astor* v. *Mayor*, 39 N. Y. Super. Ct. 120, affirmed 62 N. Y. 580; *Rae* v. *Mayor*, 39 N. Y. Super. Ct. 192. If, as was decided by the court of appeals in these cases, an act of the legislature could lawfully divest the courts of this state of their previous jurisdiction and power in the class of cases covered by the statute, to the extent that, even in actions commenced before the passage of said act, no relief could be granted after the passage of the act, which went into effect immediately, it is difficult to see how the amendment now under consideration, especially when construed and interpreted as I shall construe and interpret it, can be held to be unconstitutional. The cases in which it was held that certain acts of the legislature, empowering the transfer of actions from the superior city courts to the marine court, or abolishing the right of appeal from judgments of the marine court to the general term of the court of common pleas, were unconstitutional, do not apply here. An interesting and valuable case directly on the question whether the trial of certain issues by a jury is a change in the jurisdiction of the court, or simply a regulation of practice, is found in *Phillips* v. *Gorhan*, 17 N. Y. 270, where it was claimed that the provision of the old Code of Procedure, allowing legal and equitable relief in the same action, was violative of the provision in the constitution of 1846 (article 6, § 3) that "there shall be a supreme court having general jurisdiction in law and equity;" the argument being that the recognition by the constitution of distinct jurisdictions at law and in equity imposed on the legislature the obligation to preserve distinct methods of enforcing legal and equitable rights. In overruling this contention, JOHNSON, J., says (page 272:) "The supreme original civil jurisdiction at law was, under the preceding constitution, in the supreme court; the equitable jurisdiction was in the court of chancery. The new constitution conferred the whole jurisdiction upon a single court. The subject to be acted upon was the vesting of judicial authority, not the regulating of judicial procedure." The learned judge then cites article 6, § 5, of the constitution of 1846, as it then stood, which provides as follows, viz.: "The legislature shall have the same powers to alter and regulate the jurisdiction and proceedings in law and equity as they have heretofore possessed." The present constitution (article 6, § 8, as amended January 1, 1870) provides: "The testimony in equity cases shall be taken in like manner as in cases at law, and, except as herein otherwise provided, the legislature shall have the same power to alter and regulate the jurisdiction and proceedings in law and equity that they have heretofore exercised." The saving clause, "except as herein otherwise provided," contained in the constitution last referred to, protects only the jurisdiction and power of certain courts as courts, and not the proceedings therein; and it having already been shown that no court has been deprived of the jurisdiction or power to finally determine the actions in question, and to grant in each the equitable relief demanded by the circumstances, the amendment must be held to have been a constitutional exercise of the legislative power to regulate the proceedings in law and equity.

As to the construction to be placed upon, and the interpretation to be given to, the amendment, I cannot avoid the conclusion that the statute applies to

actions pending at the time it took effect, as well as to actions brought subsequently to that date. It became a law April 20, 1891, and by its terms took effect September 1, 1891. Of course, no proceeding had or right accrued prior to September 1, 1891, is invalidated or impaired thereby. But this remark applies only to proceedings which actually took place, and to rights which became vested, prior to the date named. A litigant in an equity suit has no vested right to a trial in the future in a particular manner. The trial, with all its incidents, is mere matter of procedure, which is subject to legislative regulation. It was therefore competent for the legislature to enact, and I think the true intent and meaning of the amendment is, that the issues and questions specified therein shall, after September 1, 1891, be tried in the manner therein directed. There is nothing in sections 3347 and 3352 of the Code, or any of the cases cited, most of which relate to vested rights, which calls for a different conclusion.

It now becomes important to determine what issues and questions in the cases at bar should be ordered for submission to a jury. In all the actions the plaintiffs alleged damage to the use or rental value of the premises, in most cases specifying amount thereof, and asked a money judgment therefor, and the defendants took issue thereon by denying the damage. Every case, therefore, presents a direct issue as to past damages, and such issue comes clearly within the language of the amendment, and must be tried by a jury, unless the claim for such damage is waived as hereinafter provided.

As to the damages to the fee, the complaints differ. While they all aver substantial damage to the fee, some do and others do not state the amount. So, while they all ask for injunctive relief, some ask for an absolute injunction, and others ask in the alternative that the defendants either be enjoined, or that, if they be permitted to continue the maintenance and operation of the elevated railway, it be on the condition that they pay the plaintiff the value of the property taken by them. Other differences might be pointed out, but it is not necessary to do so, for all the differences which do exist in this respect are immaterial for the following reasons: The motion which may be made under section 970, as amended, is a motion which can be made by either party. From this the implication arises that any question which may be ordered to be submitted to a jury must be a question which both parties have a right to have determined. But in the *Galway Case*, 28 N. E. Rep. 479, (recently decided by the court of appeals,) it was held that the provision for the payment of the fee damage, as the equivalent of the property taken, in avoidance of the injunction in this class of cases, is purely a matter of favor to the defendants; that such payment is at the option of the defendant, and not at the option of the plaintiff; and that neither party has a right to compel the court to make the provision. It was also held that it is now the settled law of this state that no action at law can be maintained by an owner to recover prospective damages for injuries inflicted upon real property; that even in equity an action cannot be sustained for that purpose alone; that the action in the case before the court was neither in practice nor theory an action of such a character, but an action for equitable relief to restrain continuing acts of trespass; and that the privilege to continue the trespasses, if granted, was to be granted as an act of grace and favor to the offending party, and not as a matter of right to the injured owner. There is nothing in the *Cases of Roberts*, (N. Y. App., 28 N. E. Rep. 486,) *Gray*, (Id. 498,) and *Doyle*, (Id. 495,) which can be twisted into a modification of the doctrine of the *Galway Case*, for they were decided on points as to the admissibility of testimony on the question of damages, and the decisions simply point out the method to be pursued by the equity court in ascertaining the fixed sum which the defendants may be required to pay, if the court in its discretion shall see fit to grant them this favor. It is evident, therefore, that the amendment under consideration, inasmuch as it did not change the rule laid down in the *Galway Case*,

was not intended to apply to questions in regard to the value of property which may incidentally arise in these injunction suits, and which the court may desire to determine in order that it may grant an optional favor to the defendants. It applies only to questions which directly and necessarily arise between the parties, and which both parties have a right to have determined. Notwithstanding the decision of the *Galway Case*, the defendants still insist that it is part of the inherent powers of a court of equity to grant a judgment for the absolute payment of damages in a suit commenced for equitable relief, where it appears upon the hearing that the plaintiff should have a judgment for damages, either in lieu of specific relief, or as an alternative for it or in addition to it. Their brief upon this point is quite elaborate, and upon the claim thus made the further contention is made that, after all, the question of fee damage is so directly and necessarily involved as to constitute one of the questions referred to in section 970 as amended. The cases referred to are cases of specific performance and analogous cases, and they do not apply here. The power contended for has never been asserted or exercised in any of the many elevated railway cases which have been determined, and the existence of the power has been expressly denied in the *Galway Case*, which was an elevated railway case of the usual type. The decision in the case last referred to must, therefore, govern here. Moreover, making provision for the payment of the fee damage, as the equivalent of the value of the property taken, in avoidance of the injunction, at the option of the defendants, is not the only provision which a court of equity may make as an act of grace and favor to the defendants, nor is it necessary that any determination of the extent of the fee damage should be made in the action. All the court is bound to do is to ascertain and determine that the fee damage is sufficiently substantial to entitle the plaintiff to equitable relief. The court may then grant an absolute injunction against the maintenance and operation of the elevated railway, and, as an act of grace and favor to the defendants, stay the operation thereof for a reasonable time to enable the defendants to acquire title to the property taken by condemnation proceedings. For the foregoing considerations the conclusion is unavoidable that, even if the questions mentioned in section 970, as amended, are treated as questions which differ from the regular issues, which perhaps they do not, the question of fee damage involved in the cases before me is not one which falls within the section, and that the defendants cannot, as matter of right, demand that it should be submitted to a jury.

Inasmuch, however, as the issue as to past damages must be sent to a jury, it is eminently proper that the question of fee damage, or, in other words, the question as to the value of the property taken by the defendants, should be passed upon at the same time and in the same manner, especially as a large part of the evidence which will be given on the issue of past damages may be made to apply to the question of fee damage. This will be an economy of time and labor, and will result in a harmonious disposition of the main questions in the case. As matter of discretion, therefore, the question as to fee damage or the value of the property taken by the defendants will also be sent to a jury in every case in which the plaintiff insists upon the recovery of past damages.

In every case in which the plaintiff elects to waive his claim for past damages the waiver must be filed in the form of a stipulation, and it must be an unconditional and unqualified waiver. There are good reasons why this should be insisted upon. The claim for past damages now constitutes an issue in the case, and as such it must be submitted to a jury. If withdrawn in a conditional or qualified manner, so that a new action may be brought upon it, it could only be asserted in an action triable by jury. That action, if brought, might on motion be ordered to be consolidated with the equitable action, and then the litigation would stand again where it stands now. The waiver must, therefore, be general, unconditional, and unqualified. I shall not insist that it must be accompanied by a release, but it must be sufficient to estop the

plaintiff, if he takes the benefit of the order denying defendants' motion *in toto*, from bringing another action.

It still remains to be considered whether the motions made by the defendants have been made in proper time, and at an appropriate stage in the proceedings. Upon this question the plaintiffs advanced various conflicting arguments in opposition to the motions. It was urged that the motions should be denied because the defendants have been guilty of laches in making them. I cannot find that such was the fact. It was also urged that the motions should be denied because they were not made within 10 days after issue joined, under the provisions of general rule 31. That rule, by its express terms, applies only to cases where the trial of issues of fact is not provided for by the Code, and either party desires a trial by jury. The motions now before the court are for jury trials, which are provided for by the Code. But, even if there were a conflict between the statute and the rule, the provision of the statute is that the motion may be made "at any time." These words were added by the amendment of 1891, and, as the legislature has thus prescribed the time when the motion may be made, the statutory enactment would supersede the rule.

Another claim advanced was that the motions should be denied upon the authority of *Mackellar* v. *Rogers*, 52 N. Y. Super. Ct. 468, affirmed 109 N. Y. 468, 17 N. E. Rep. 350. But that case has no application here. It was an action brought in equity to foreclose a mortgage, and the trial took place at a time when the words "at any time" were not contained in section 970. The allegations of the complaint were not put in issue by the defendant, who contented himself by interposing a counter-claim in the nature of a common-law cause of action, upon which issue was joined by a reply. The defendant took no steps to have an issue framed for trial by jury, and both the defendant and the plaintiff noticed the case for trial at an equity term. It was under these circumstances, and under the law as it then stood, that it was held that the defendant had waived his right of trial by jury. It was also insisted that the defendants waived whatever right to a jury trial they had, by noticing the cases for trial at the equity term. I do not see how they could have noticed them for trial at any other than an equity term. There is no independent common-law cause of action involved, but the entire cause of action is equitable in its character, and only some of the questions of fact are to be tried by a jury. The cause itself is to be tried by the court. It therefore only remains to be seen whether, by giving any notice of trial, the defendants waived the benefit of the provision of section 970. For this purpose the cases may be divided into three classes, viz.: (1) Cases in which issue was joined prior to September 1, 1891, and in which notices of trial of all·the issues were served by both sides for an equity term held prior to September 1, 1891. (2) Cases in which issue was joined prior to September 1, 1891, and in which notices of trial of all the issues were served by both sides prior to September 1, 1891, but for an equity term held subsequent to September 1, 1891. (3) Cases in which issue was joined prior to September 1, 1891, and in which notices of trial of all the issues were served by both sides subsequent to September 1, 1891, and for an equity term held subsequent to September 1, 1891. Having already demonstrated that the intent of the legislature was that, after September 1, 1891, the issues and questions specified in section 970 should be tried in the manner therein directed; that a litigant in an equity suit has no such vested right to a future trial; that the legislature cannot change the mode of procedure; that the legislature conferred upon the defendants the right to move for a jury trial at any time; and that rule 31 does not apply,—it cannot be held that the defendants, by giving notice of trial, waived their right to move in any of the cases, and the differences between the cases are wholly immaterial. The act, by its terms, did not go into effect until September 1, 1891. Before that date, the defendants could not move. They moved with reasonable dispatch thereafter, when all the circum-

stances are considered. In every case the motion was made in advance of the trial. Having acquired the right to move at any time, they must be held to have that right up to the time of the commencement of the trial. True, section 1009 of the Code provides that a party may waive his right to a jury trial by moving the trial of the action without a jury, or, if the adverse party so moves it, by failing to claim a trial by a jury before the production of any evidence upon the trial. But this evidently refers to that class of cases in which the whole action is triable by jury, and in which the notice of trial should be given for the jury term. The cases at bar do not fall within that class. As a necessary consequence, all the cases decided under section 1009 have no application here.

The further claim was made by many of the plaintiffs that, even if section 970, as amended, does apply, and the defendants do have a right of trial by jury of some issue or question in the present actions, the motions now made are premature, and should be denied for that reason. The argument is that the plaintiff in an action may not succeed in establishing his title to the property, or for some other reason may be beaten in the suit, and that in such a case the question of amount may not be reached. There is not sufficient force in the argument to call for the result contended for. True, the statute may be satisfied if the court does make the order for a jury trial whenever it becomes apparent that the trial of an issue or question as to which the right of trial by jury is given is necessary and material. The defendants are at liberty to postpone the making of the motion until the commencement of the trial, and, if the motion is then made, the court may proceed with the trial of the other issues and questions, and, if it then appears that the trial of the issue or question as to which the right of trial by jury exists is necessary and material, it may make an interlocutory judgment determining the controversy between the parties in all other respects, and directing that the issue or question as to which a jury trial has become necessary and material, and which is then and there stated for such trial, be submitted to a jury, and that upon the coming in of the verdict of the jury the cause be brought on for final hearing. All this may undoubtedly be done, but nevertheless the Code gives the right to make the motion at any time, which, from the necessities of the case, must be held to mean at any time after issue joined. The plaintiffs are not entitled, therefore, to have the motions denied as premature. For the reasons hereinafter stated, however, some of the motions may be denied, in the exercise of the discretion of the court, if it should appear that the issue or question to be tried by jury cannot conveniently be formulated with precision at the present time. In every such case the denial of the motion should be with leave to renew the motion at the commencement of the trial of the action.

None of the objections raised by the plaintiffs being tenable, it now remains to be seen how the issues or questions to be submitted to a jury should be formulated. It may be a question whether the defendants, in their motion papers, should have formally proposed the issues and questions which they desire to have submitted, but I shall not stop to consider it. The defendants evidently intended to have their rights determined first in a general way, and then to follow the direction of the court. The principal questions involved in the motions are certainly of so novel a character, and involve so much substance, and are of so recent an origin, that technicalities should be avoided in their determination. In every case in which the plaintiff does not waive his claim to past damages, as hereinbefore stated, there should be formulated (1) an issue as to such past damages; and (2) a question as to the value of the property taken by the defendants. In the formulation of the issue as to past damages it must be borne in mind that, in view of the plea of the statute of limitations, the recovery can in no case exceed the period of six years preceding the commencement of the action, although the plaintiff may have been the owner of the premises for a longer time. In every case in which the plaintiff has been such owner for a period less than six years before the com-

mencement of the action, the precise period of ownership must be ascertained. In addition to the damages recoverable for the respective periods stated, damages may be recovered from the commencement of the action to the time of the trial. The issue should therefore be formulated as follows, viz.: "What amount of damages, if any, did the plaintiff in this action sustain in the use or rental value of the premises described in the complaint from the ——— day of ———, in the year ———, to the day of the trial of this issue, by reason of the construction, maintenance, and operation of the elevated railway in front of said premises?" The question as to the value of the property taken by the defendants should be formulated as follows, viz.: "What is the value of the property taken by the elevated railway company or companies from the plaintiff by reason of the construction, maintenance, and operation of the elevated railway in front of plaintiff's premises described in the complaint?" No other issue or question should be submitted to the jury, and, except where special circumstances make a departure necessary, the foregoing formulas should be adopted. In stating the issue as to past damages it is absolutely necessary to state the exact date from which the right of recovery exists. In every case in which such date cannot be conveniently fixed, the motion should be denied, with leave to renew at the commencement of the trial of the action, and in every such case, if the motion is then and there renewed, the trial court will be at liberty to make appropriate provision by interlocutory judgment.

The motions will therefore be granted or denied, with leave to renew, according to the circumstances of each case. But in every case in which the plaintiff by stipulation waives his claim to past damages, as hereinbefore required, the motion will be denied absolutely. Having now indicated generally the course to be pursued, the decision in each particular case will be made on the settlement of the order to be entered. Notice of settlement will be required in all cases. As the questions decided are of a novel character, no costs will be given.