## BLUMENTHAL *v.* NEW YORK EL. R. Co. *et al.*

*(Superior Court of New York City, General Term.   January 11, 1892.)*

1. EMINENT DOMAIN—ABUTTING OWNERS—EVIDENCE OF DAMAGE.
   In an action by an abutting land-owner to restrain an elevated railway company from maintaining and operating its road in front of plaintiff's premises, depriving him of easements appurtenant thereto, the opinion of a witness as to the value of such easements is not admissible.

2. SAME—DAMAGES IN AVOIDANCE OF INJUNCTION—APPEAL.
   In such action, a provision in a judgment for plaintiff for the payment by defendants of damages in avoidance of the injunction is a matter of favor, and, although evidence as to such damage has been erroneously admitted, if injury of a substantial character is shown, the court may, instead of granting a new trial, so modify the judgment as to restrain the defendants from maintaining or operating their road, unless within a reasonable time after notice and entry of judgment they proceed to condemn the appurtenant easements, and acquire title thereto.

Appeal from special term.

Action by Elkan Blumenthal against the New York Elevated Railroad Company and the Manhattan Railway Company to restrain defendants from maintaining and operating an elevated railroad. Judgment for plaintiff. Defendants appeal. Modified.

Argued before FREEDMAN, McADAM, and GILDERSLEEVE, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Samuel Blythe Rogers,* of counsel,) for appellants. *Peckham & Tyler,* (*H. G. Atwater,* of counsel,) for respondent.

FREEDMAN, J.   The action was brought to restrain the defendants from maintaining and operating their elevated railway in front of plaintiff's premises, and, as incidental thereto, to recover damages for loss of rental value occasioned by the past maintenance and operation of the road. The premises, known as "No. 1277 Third Avenue," are on the east side of Third avenue, near Seventy-Third street. The lot is 26 feet and one-half inch wide and 80 feet deep, and is occupied by a five-story building, used as tenements and stores. The trial judge awarded $250 for past damages from March 28, 1888, (when plaintiff became the owner of the premises,) to November 13, 1890, (the date of the trial of the action,) and decreed an injunction unless the defendants, within 90 days from notice of the entry of judgment, acquired by statutory proceedings the easements of the plaintiff used by the defendants for their road, or within the same period paid to plaintiff the sum of $2,000, which he found to be the value of such easements.

Upon an examination of the whole case I find that the record presents but one serious question. At the trial the following question was put to George B. Curtis, a real-estate expert, called on behalf of the plaintiff, and the following proceedings took place, viz.: "*Question.* What, in your opinion, is the value of the easements of light, air, and access appurtenant to those premises, No. 1277 Third avenue, which have been taken by the construction and maintenance of the elevated road as you have observed it to be maintained and operated? (Counsel for the defendants objected to the question as improper, incompetent, irrelevant, as assuming a fact not proven in the case, as involving an improper subject of damage, as it makes an inquiry on the subject that is not a proper subject of an opinion by the witness, that the witness is not competent or qualified to give an opinion, and as contrary to the rule laid down in the *McGean Case,* [N. Y. App.] 22 N. E. Rep. 957.) *The Court.* The part of the question beginning with the words, 'As you have observed it,' will be stricken out. *Mr. Thomas.* I make the same objection to the question as it stands. (The court overruled the objection, and counsel for the defendants duly excepted.) *Answer.* About $3,000. I mean the impairment of fee value," etc. The trial judge evidently was not

misled by the answer, for he awarded only $2,000; and the other evidence in the case fully sustains his finding in this respect, especially when it is considered that all the stories above the stores were used for residental purposes, and that the nearest station from which the stores might have derived any benefit was more than two blocks away. Nevertheless, as one of the specific grounds of the objection was that the fact sought to be elicited was not a proper subject of an opinion by the witness, the defendants brought the case within the decisions made by the court of appeals in the *Cases of Roberts*, (28 N. E. Rep. 486,) *Doyle*, (Id. 495,) and *Gray*, (Id. 498;) and the error cannot be disregarded under the doctrine of the *Cases of McGean*, (22 N. E. Rep. 957,) *Kernochan*, (28 N. E. Rep. 251,) and *Mortimer*, (29 N. E. Rep. 5.) I am therefore compelled to hold that the exception taken by the defendants in this case to the piece of evidence set forth is a valid and sufficient one, and that the determination of the trial judge fixing the value of the easements taken by the defendants at the sum of $2,000 cannot be sustained. But, inasmuch as no error was committed in any other respect, and the evidence fully establishes that the fee damage is of so substantial a character as to entitle the plaintiff to injunctive relief, and, as incidental thereto, to the recovery of past damages, I deem it to be my duty to consider whether a new trial cannot be obviated.

It has been held in the *Galway Case*, recently decided by the court of appeals, (28 N. E. Rep. 479,) that the provision for the payment of the fee damage as the equivalent of the property taken in avoidance of the injunction in this class of cases is purely an act of grace and favor to the defendants. True, the discretion of the court, in making such a provision, is not an arbitrary or unlimited one, and, whenever the court does proceed to make it, the amount must be determined upon competent and legal evidence. *Roberts* v. *Railroad Co.*, Id. 486; *Doyle* v. *Railway Co.*, Id. 495; *Gray* v. *Same*, Id. 498. So there is, as was said by FINCH, J., in the case of *American Bank-Note Co.* v. *New York El. R. Co.*, 29 N. E. Rep. 302, (not yet officially reported,) no difficulty in assuming that the alternative damages are awarded to the same extent and for the same elements as the compensation given in a special proceeding for the condemnation of land under the law of eminent domain. Such a process in each case ends in the same substantial redress. The form is different, but the result is identical. It follows, therefore, that the alternative damages of equity must be such, and only such, as would be given in a proceeding for the condemnation of lands for a railroad use, due regard being had to the different characteristics of the property to be taken. By referring back to *Taylor* v. *Railway Co.*, 50 N. Y. Super. Ct. 311, it will be found that such was substantially my opinion even in an action brought at law for the recovery of damages. And finally it may be said that, inasmuch as the abutting owners permitted the road to be completed and put into operation before they took any steps to enforce their rights, it would not be equitable, at this late period, to enjoin the operation of the road without giving to the defendants a reasonable time within which to pay.

I believe I have now fully and fairly stated all the limitations upon the discretionary power of the court to make provision for the payment of the fee damage as the equivalent of the value of the property taken in this class of cases, but within these limits the making of any such provision in avoidance of the injunction is still an act of grace and favor to the defendants. But making such provision is not the only provision which a court of equity may make as an act of grace and favor to the defendants. After having determined that the fee damage is sufficiently substantial to entitle the plaintiff to injunctive relief, the court may grant an injunction against the maintenance and operation of the elevated railway, and, as an act of grace and favor to the defendants, stay the operation of the injunction for a reasonable time to enable the defendants to acquire title to the property taken by agreement or con-

demnation proceedings.  As long as the time fixed is sufficient for that purpose, the defendants have no right to complain; that is, sufficient time may depend upon the peculiar circumstances of each case; and upon this point, as well as every other point involving the exercise of discretionary power, the defendants will not be concluded by the finding of the trial judge, but may ask to have the same reviewed by the general term.

I can find nothing in the opinion of EARL, J., in the *Case of Gray* which conflicts with the views expressed by me, for what was said there was said on plaintiff's appeal from an order of the general term, which had reversed the judgment and ordered a new trial.  That reversal had taken place because of a finding made by the trial judge that the "premises would not be worth as much as they now are had the railway and stations not been built."  It was in view of this finding, and in respect of the claim of the plaintiff that, notwithstanding said finding, the general term ought not to have reversed the whole judgment, but should have permitted that portion of the judgment to stand which awarded the injunction, EARL, J., used the following language, viz.: "The injunction is so dependent upon the damages that the general term could not with propriety reverse the judgment as to damages, and permit it to stand as to the injunction.  But, even if it could have reversed the judgment in part, it is at least generally in the discretion of the court, when it finds error in part of a judgment, requiring a reversal of such part, to reverse the whole judgment, and that discretion will not, certainly except under peculiar circumstances, which do not exist here, be interfered with upon appeal to this court."  In the pioneer of this class of cases—*Story* v. *Railroad Co.*, 90 N. Y. 122, 179—the opinion of the court of appeals, delivered by TRACY, J., concludes as follows, viz.: "*Seventh.* The injunction prohibiting the continuance of the road in Front street should not be issued until the defendant has had a reasonable time after this decision to acquire the plaintiff's property by agreement, or by proceedings to condemn the same."  The rule thus laid down has never been disturbed, although since that time the trial courts have in most cases undertaken the laborious task of fixing the value of the property taken.  But in the recent *Case of Galway*, 28 N. E. Rep. 479, it was expressly held by the court of appeals that neither party to the action can compel the trial court to determine the question.

Having now fully demonstrated that, in every case in which it appears that the fee damage is sufficiently substantial to entitle the plaintiff to injunctive relief, the injunction may be decreed without an assessment of the fee damage, provided its operation be stayed for a reasonable time to enable the defendants to acquire title to the property taken by agreement or condemnation proceedings, and that the general term, in the exercise of a sound discretion, may review and determine the question of reasonable time. and it also having been shown that the case at bar is such a case, it only remains to be seen to what extent the judgment appealed from should be modified.  The action was begun October 5, 1888, and its commencement was notice to the defendants that the plaintiff made a claim of a substantial character.  Judgment was entered April 8, 1891, and by its terms the defendants had 90 days from notice of its entry within which to acquire by statutory proceedings the property taken from the plaintiff, or to pay the sum fixed by the trial judge as the value of such property.  Although apparently dissatisfied with the amount thus fixed, they omitted to take any steps to have any other amount determined by condemnation proceedings.  They simply endeavored to prevent the plaintiff, by every device known in legal procedure, from making any headway towards the enforcement of his rights.  The same tactics are pursued by the defendants in most of the cases belonging to this class, and their number is very large.  The consequences involve serious hardship to other litigants whose cases are greatly delayed, and it is with the view of protecting, if possible, the rights of these other litigants that I have made

this extensive examination for the purpose of ascertaining whether a new trial could not be refused to the defendants without a violation of any of their rights.

Under all the circumstances, the rights of the defendants will be fully protected by the modification of the judgment as follows, viz.: Subdivisions 2–5 of the judgment should be stricken out, and in place of them the following inserted: "*Second.* That the defendants above named be, and they hereby are, jointly and severally restrained and enjoined from the further maintenance or operation of their elevated railroad in Third avenue, in the city of New York, in front of plaintiff's premises, which are more particularly described in the complaint herein, unless within a reasonable time, to-wit, six months from notice of entry of judgment herein as modified and affirmed by the general term of this court, the defendants cause the plaintiff's easements in Third avenue appurtenant to said premises, and which have been taken or interfered with by the defendants for the purpose of their elevated road, to be condemned and taken for such railroad purposes in the manner prescribed by law, or to be acquired by agreement. *Third.* No injunction shall issue restraining defendants from maintaining or operating their said elevated railroad in case the defendants, within six months from notice of entry of judgment herein as modified and affirmed by the general term of this court, acquire title to the easements taken or interfered with as mentioned in the preceding subdivision." As thus modified, the judgment appealed from should be affirmed, without costs to either party on this appeal. All concur.