Tobias Oberfelder, Respondent, *v.* The Metropolitan Elevated Railway Company et al., Appellants.

After the commencement of an action by an abutting owner to restrain the operation of an elevated railroad in a city street in front of his premises, the railroad corporations commenced proceedings under the General Railroad Act (Chap. 140, Laws of 1850, as amended), for the purpose of acquiring plaintiff's interest in the street. An appraisal was made by the commissioners appointed therein, which was confirmed by the Special Term. *Held,* that this determination as to the value of plaintiff's property interest was conclusive in the action upon both parties, it not having been set aside, or reversed, or the proceedings abandoned; that the fact that the order of confirmation had not been recorded as required by said act (§ 18, as amended by chap. 198, Laws of 1876), did not affect its conclusive character.

(Argued April 18, 1893; decided April 25, 1893.)

Appeal from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 3, 1892, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellant. The court erred in holding that the award was conclusive in this action as an adjudication upon any subject whatever. (Laws of 1850, chap. 140; *Webb* v. *Buckalew,* 82 N. Y. 555, 560; *Fleieschauer* v. *Dittenhoefer,* 17 J. & S. 311; *M. E. R. Co.* v. *M. R. Co.,* 14 Abb. [N. C.] 215; *Easton* v. *Pickersgill,* 75 N. Y. 599; *Beaumond* v. *D. P. Co.,* 14 Abb. [N. C.] 100; *Riggs* v. *Pursell,* 74 N. Y. 370; *Leonard* v. *Barker,* 5 Den. 229; *Veeder* v. *Baker,* 83 N. Y. 163; *Audubon* v. *E. F. I. Co.,* 27 id. 219; *Brinkley* v. *Brinkley,* 50 id. 202; *People ex rel.* v. *City of Syracuse,* 78 id. 56; *In re Washington Park,* 56 id. 144; *In re Dover Street,* 18 Johns. 507; *In re Beekman Street,* 20 id. 269; *New York* v. *Mapes,* 6 Johns. Ch. 49; *People* v. *City of*

*Brooklyn,* 1 Wend. 319 ; *In re Canal Street,* 11 id. 154 ; *Martin* v. *City of Brooklyn,* 1 Hill, 545 ; *In re Anthony Street,* 20 Wend. 620 ; *In re N. Y. E. R. Co.,* 41 Hun, 502 ; *In re Thompson,* 45 id. 261 ; *In re N. & M. R. Co.,* 47 id. 489 ; *In re N. Y. E. R. Co.,* 40 N. Y. S. R. 247 ; *In re N. Y. E. R. Co.,* 35 id. 944.

*Justus A. B. Cowles* for respondent. The condemnation proceedings instituted by the defendant, the Metropolitan Elevated Railway Company, were complete upon the entry of the order confirming the award of the commissioners. (Laws of 1850, chap. 140.) The condemnation proceedings instituted by the defendant, the Metropolitan Elevated Railway Company, are special proceedings, and all the issues determined in those proceedings are *res adjudicata* in this action. (*In re R. & S. R. R. Co.* v. *Davis,* 55 N. Y. 145 ; *Demorest* v. *Darg,* 32 id. 281 ; *Brown* v. *Mayor, etc.,* 66 id. 385, 390 ; *Leavitt* v. *Wolcott,* 95 id. 212, 219 ; *Culross* v. *Gibbons,* 130 id. 447, 454.)

EARL, J. The plaintiff owns a lot abutting upon First avenue, in the city of New York, through which the elevated railroad was constructed, and he commenced this action in the usual form to recover damages and for an injunction. At the Special Term the court found the rental damages to be $1,580, and the fee damage $1,700, and granted judgment in the usual form in this class of cases.

After the commencement of this action the defendants instituted condemnation proceedings for the purpose of acquiring the property interests of the plaintiff in the avenue in front of his lot. The proceedings were instituted under the General Railroad Act of 1850, and the acts amendatory thereof. Commissioners of appraisal were appointed, and after hearing the parties, they made their report to the Supreme Court by which they appraised the value of the plaintiff's property interests at $1,700. Upon motion of the defendants that report was confirmed by the Special Term, and an order of confirma-

tion was duly entered. Upon the trial of this action for the purpose of establishing the value of the property interests of the plaintiff in the avenue, the condemnation proceedings, including the final order of confirmation, were introduced in evidence, and the court held that the defendants were concluded by the value of the plaintiff's property interests as thus determined. The defendants now complain of this ruling as erroneous, and solely on account thereof seek to have this judgment reversed.

We think the determination in the condemnation proceeding as to the value of the property interests of the plaintiff in the avenue was binding upon both parties. It was a final adjudication in a special proceeding, and the adjudication is just as binding as though it had been made in an action. (*People ex rel. Hatzel* v. *Hall*, 80 N. Y. 117.) There was to be no further judicial action in that proceeding. The claim of the defendants is that it did not become a final adjudication until a certified copy of the order was recorded as required by section 18 of the act as amended in 1876. It is true that under that section the defendants would not be vested with the title of the property taken until a certified copy of the order of confirmation was recorded in the county clerk's office, and the value of the property as determined was paid or deposited. That section also provides that if the company prosecuting the condemnation proceeding shall neglect to have the order recorded and make the payment or deposit as required in the section for a period of ten days after the date of the order, then any party to the proceeding interested therein may, at his election, cause a certified copy of the order to be recorded, and thereupon the moneys directed to be paid with interest from the date of the order shall be a lien upon the real estate, and may be enforced and collected by action at law or in equity in the Supreme Court, with costs. It is further provided that the company may abandon the proceeding by filing within thirty days after notice in writing of such recorded order, in the office of the county clerk, a notice of its determination to do so and paying the

reasonable costs and expenses of the party to be ascertained and adjusted by the court making the order.  By these provisions there is to be no change of the adjudication contained in the final order.  They simply provide for carrying the adjudication into effect, or for its abandonment.  The value of the property taken is finally fixed and determined for all purposes, and the adjudication remains in force unless set aside, reversed or abandoned.  Here the defendants did not abandon the proceeding, and the order of confirmation is in full force and effect.  The value of the property interests of the plaintiff has once been litigated between these parties and determined by a competent tribunal, and we can perceive no reason for taking this case out of the general rule that both parties are concluded by an adjudication thus made.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.