In the Matter of the Application of THE MANHATTAN RAILWAY COMPANY, Respondent, *v.* HENRY M. TABER and Others, Appellants.

*Condemnation proceedings — costs allowable — Code of Civil Procedure*, §§ 3372, 3379 — *possession of condemned property.*

The fact that a plaintiff in proceedings to acquire the title to real estate became entitled to the cost of the trial of the issue made by the pleadings, under the provisions of section 3372 of the Code of Civil Procedure, does not deprive the defendants of their right to other taxable costs in the proceedings; the provisions of such section give to a defendant in such proceedings, in case an award is obtained greater than the offer made, an absolute right to taxable costs of which he cannot be deprived by the court.

The purpose of section 3379 of the Code of Civil Procedure is to provide for the protection of a plaintiff's possession of property sought to be condemned, during the pendency of the proceedings taken for that purpose; it does not authorize the court to grant, after an order confirming an award has been entered, an order forever restraining the defendants in such proceedings from maintaining actions in respect to the property.

When the final order has been entered and the award has been made or deposited, the plaintiff is entitled to the possession of the property condemned, and the defendants, in case they appeal, are required to stipulate not to disturb the plaintiff's possession during the pendency of the appeal.

APPEAL by the defendants, Henry M. Taber and others, from that portion of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 28th day of November, 1893, which enjoined and restrained the defendants from prosecuting certain actions or proceedings interfering with the possession by the plaintiff of the property sought to be acquired by it, and also from an order of the Supreme Court, made at the New York Special Term and entered in said clerk's office on the 27th day of November, 1893, in so far as the same failed to direct that the defendants recover costs, less the costs of the trial of the issues, and also from an order of the Supreme Court, made at the New York Special Term and entered in said clerk's office on the 23d day of December, 1893, denying the defendants' motion to modify the final order so as to award costs and an additional allowance to the defendants.

The defendants Taber in the proceeding are the owners of the

fee and the defendant, The Orphan Asylum Society, is a mortgagee of Nos. 137, 139 and 141 Pearl street, through which a predecessor of the petitioner, in 1878, constructed an elevated railroad in front of said premises, which said petitioner and its predecessors have since maintained and operated. In 1889 the defendants in this proceeding, except the mortgagee, began an action in the Superior Court to recover their damages for trespasses on the street easements appurtenant to their premises, and for an injunction restraining the further operation of the road. An issue was joined in the action, which was tried at an equity term begun on the first Monday of May, 1893, and resulted in a judgment entered August 29, 1893, in favor of the plaintiffs in that action, the defendants in this proceeding, for the sum of $20,100 damages for the trespasses, with $1,459.64 interest and costs, in which action it was adjudged that the plaintiffs have a judgment restraining the further operation of the road, unless the defendants paid within sixty days $45,000 for a conveyance and release of the easements taken. On the 16th of March, 1893, the Manhattan Railway Company began proceedings to condemn the street easements appurtenant to said premises, which resulted in a final order confirming the report of the commissioners appointed to appraise the damages, entered November 24, 1893, assessing the damages to be paid by the railroad to the owners of the property at $30,250.

The order directed the payment of the damages assessed to the owners of the premises, and in case they refused to accept it, that the sum should be deposited with the New York Life Insurance and Trust Company to the credit of the proceeding, and that upon payment or deposit being made the railroad should be entitled to the possession of the easements condemned. This order gave no costs to either party. Subsequently the landowners moved at Special Term that the final order be modified by inserting therein a provision allowing them costs to be taxed and an additional allowance. The landowners appeal from that part of the order of confirmation which refuses them costs, but not from the other part of it. The landowners have also appealed from the order of the Special Term denying their motion to modify the final order as to costs. The corporation, fearing that the judgment of the Superior Court awarding an injunction might be enforced, on the 6th of

November, 1893, obtained from a justice of this court an order requiring the landowners to show cause, on the 8th of November, 1893, why they and each of them should not be restrained from doing, suffering or procuring to be done any act or acts interfering or tending to interfere with the possession by the railroad of the easements sought to be condemned in the proceeding, and why actions against the railroad should not be enjoined and restrained, pursuant to section 3379 of the Code of Civil Procedure, upon the railroad making a deposit, as specified in that section. The order contained a stay restraining action of the landowners until the hearing and decision of the motion. The motion instituted by this order to show cause, and the motion to confirm the report of the commissioners, were heard on the same day, before the same court, and both were decided by orders entered on the twenty-fourth of November. The following are the provisions of the order entered upon the show-cause order :

" Ordered that, upon compliance by the plaintiff with the terms and provisions contained in the final order duly made and entered herein, confirming the report of said commissioners of appraisal, the plaintiff be, and it hereby is, authorized to continue in possession of the property sought to be condemned herein, as described in the petition, and the defendants, and each of them, their attorneys, agents and servants be, and they hereby are, enjoined and restrained from doing, suffering or procuring to be done, any act or acts interfering or tending to interfere with the possession by the plaintiff of the property, easements or other interests, title to which is sought to be acquired by this proceeding, and that all actions and proceedings by these defendants, or any of them, against plaintiff, or any other person on account of, or arising out of such possession by plaintiff as aforesaid be, and the same hereby are, enjoined and restrained ; and that said defendants, and each of them, their attorneys, agents or servants be, and they hereby are, enjoined and restrained from taking any steps in any action or proceeding which shall interfere, or tend to interfere, with the plaintiff's possession of the property aforesaid, or which shall hinder, delay or check the regular transaction of its business on account of such possession."

The landowners appealed " from the whole of such order, except so much thereof as authorizes the plaintiff to continue in possession

of the property of the defendants described in the petition herein, after the entry of the final order confirming the report of the commissioners of appraisal herein and the payment or deposit to the credit of, or payable to the order of, the owners of the amount of the compensation fixed by said order."

*John E. Parsons*, for the appellants.

*Edward C. James*, for the respondent.

FOLLETT, J.:

The order confirming the report of the commissioners awarding $30,250 damages for taking the street easements appurtenant to the abutting lands contains no provision in respect to costs, and after it was entered the defendants moved that it be modified so as to grant them taxable costs and an additional allowance, which was denied. The defendants have appealed from the final order of confirmation " in so far only as the same fails to direct that the defendants recover of the plaintiff the costs of the proceeding, less the costs of the trial of the issues raised by the answer herein," and they have also appealed from the order of the Special Term denying their motion to have the order of confirmation modified so as to allow them costs and an additional allowance.

Section 3372 of the Code of Civil Procedure provides: " If the compensation awarded shall exceed the amount of the offer with interest from the time it was made, or if no offer was made, the court shall, in the final order, direct that the defendant recover of the plaintiff the costs of the proceeding, to be taxed by the clerk at the same rate as is allowed, of course, to the defendant when he is the prevailing party in an action in the Supreme Court, including the allowances for proceedings before and after notice of trial; and the court may also grant an additional allowance of costs, not exceeding five per centum upon the amount awarded. * * * If a trial has been had, and all the issues determined in favor of the plaintiff, costs of the trial shall not be allowed to the defendant, but the plaintiff shall recover of any defendant answering the costs of such trial, caused by the interposition of the unsuccessful defense, to be taxed by the clerk at the same rate as is allowed to the prevailing party for the trial of an action in the Supreme Court."

Under this section the plaintiff became entitled to and has been awarded the costs of the trial of the issue joined by the pleadings, but the fact that it became entitled to the costs of the trial does not deprive the defendants of their right to the other taxable costs of the proceeding. The last clause of the section quoted is not intended to deprive the defendants of their costs of the proceeding in case an unsuccessful defense is interposed to the right of the plaintiff to condemn the land, but to charge them with the costs of that issue. The question as to what costs the defendants may be entitled to recover, or whether disbursements may be taxed under the section, is not a question now before the court, but the statute gives to defendants, in case the award is greater than the offer, an absolute right to taxable costs, of which they cannot be deprived by the court. We think the final order should have provided that the landowners recover their taxable costs, which would have enabled them to have presented to the clerk a bill of the items claimed for taxation.

The record not disclosing whether the Special Term denied the motion for an additional allowance on the ground that the defendants, not being entitled to taxable costs, were, therefore, not entitled to an allowance, or on the ground that on the merits they were not entitled to such an allowance, this question must be remitted to the Special Term to be determined.

Section 3379 provides: "At any stage of the proceeding the court may authorize the plaintiff, if in possession of the property sought to be condemned, to continue in possession, and may stay all actions or proceedings against him on account thereof, upon giving security, or depositing such sum of money as the court may direct to be held as security, for the payment of the compensation which may be finally awarded to the owner therefor and the costs of the proceeding, and in every such case the owner may conduct the proceeding to a conclusion, if the plaintiff delays or neglects to prosecute the same."

The purpose of this section is to provide a remedy for the protection of the plaintiff's possession of the property sought to be condemned during the pendency of the proceedings, but it is not designed to authorize the court to grant, after the order of confirmation has been entered, an order forever restraining the defend-

ants from maintaining actions in respect to the property. When the final order has been entered, and the award has been paid or deposited, the plaintiff is entitled to the possession of the property condemned, and the defendants, in case they appeal, are required to stipulate not to disturb the plaintiff's possession during the pendency of the appeal.

This restraining order is not authorized by section 3379, and it should be reversed.

The order denying defendants' motion for an amendment of the final order is reversed, which final order should be amended so as to award the defendants their taxable costs, less the costs taxed against them upon the trial of the issue formed by the pleadings, and they should be given leave to apply at Special Term for an additional allowance, and the restraining order should be reversed.

The appellants are entitled to ten dollars costs and their disbursements on this appeal.

VAN BRUNT, P. J., and PARKER, J., concurred.