(14 Misc. Rep. 189.)

TABER et al. v. MANHATTAN RY. CO. et al.

(Superior Court of New York City, General Term.   October 24, 1895.)

CONTEMPT—DISSOLVING INJUNCTION—DISSOLUTION.

Where an elevated railroad company instituted proceedings to condemn the easements of abutting owners in the street after an action to enjoin the operation of the road in the street had been brought by the abutting owners, and paid the award, the injunction granted in the action by the abutting owners is thereby dissolved, and the refusal of the company to obey the injunction order, or the alternative provision therein for payment of a certain sum as the value of the easements, cannot be punished as a contempt.

Appeal from special term.

Action by Henry M. Taber and others against the Manhattan Railway Company and another.   From an order finding defendants guilty of contempt in disobeying an injunction contained in the judgment, defendants appeal.   Reversed.

Argued before FREEDMAN and McADAM, JJ.

Davies & Rapallo and E. C. James, for appellants.

J. E. Parsons, for respondents.

McADAM, J.   Without determining the effect of the various extensions and stays, but assuming that the court below was right in deciding that there had been a violation of the injunction, questions arise that require serious reflection.   The fine imposed was $14,750, being the difference between $30,250, the amount awarded in condemnation proceedings, and $45,000, the sum for which the defendants were, by the judgment of this court, permitted to purchase the easements they had wrongfully appropriated to their own use.

It is objected that the fine was arbitrarily imposed, and not assessed upon legal principles.   The fine authorized is limited to indemnification, and when the actual loss or injury is not shown it cannot exceed the costs and $250 in addition thereto.   Code, § 2284. Where actual loss or injury is claimed, the proof thereof must be according to the rules of law applicable to an action for such damages.   Dejonge v. Brenneman, 23 Hun, 332; Sudlow v. Knox, 7 Abb. Prac. (N. S.) 411; Luedeke v. Coursen, 3 Misc. Rep. 559, 23 N. Y. Supp. 314; Tinkey v. Langdon, 60 How. Prac. 180; Simmonds v. Simmonds, 6 Wkly. Dig. 263.   The only proof furnished here is in the fact that the amount of the award in the condemnation proceedings was $14,750 less than the sum at which the defendants were, by the judgment of this court, privileged to purchase the easements. The question, then, is whether these two records legally establish plaintiffs' loss or injury to the extent claimed.

The action for past damages and injunctive relief was commenced before the condemnation proceedings were instituted, and no doubt led to their institution, with the probable design that, if the commissioners made an award more favorable to the defendants than that of this court, as a condition of obviating the injunction, they would act upon such award, and prevent the further prosecution of the action.   Whether such a course is commendable need not be dis-

cussed, for a party proceeded against is entitled to use all legal avenues of escape from his pursuer. The commissioners made the more favorable award to the defendants, and they paid the amount into court, thereby acquiring title to the easements long before the proceedings to punish for contempt were instituted. The adjudication in condemnation proceedings established for all time and every purpose the value of the easements taken. Oberfelder v. Railroad Co., 138 N. Y. 181, 33 N. E. 937.

In actions for injunctive relief, the provision for the payment of the fee damage, as the equivalent of the property taken in avoidance of the injunction, is purely matter of grace or favor to the defendants. It is simply a privilege of which they may avail themselves, rather than an option which they can be held to have accepted as a binding election on their part by the mere failure to stop their trains or remove their structure. Such payment is at the pleasure of the defendant, and neither party has the right to compel the court to make the provision. Galway v. Railway Co., 128 N. Y., at page 149, 28 N. E. 479; Eggers v. Railway Co., 27 Abb. N. C., at pages 469–471, 18 N. Y. Supp. 181; Mead v. Railroad Co. (Super. N. Y.) 24 N. Y. Supp., at page 909. It is inserted more to serve public convenience than any equity due to the defendant. The plaintiff's remedy in such a case is to recover damages to the rental value for the time the easements were wrongfully used, and to enjoin their further use until title is acquired; the relief being a money judgment for such damages, and an injunction to prevent further trespasses.

The incidental fixing of a sum at which the defendant may purchase the easements is to facilitate the acquirement thereof without the expense or delay of new proceedings, not to supersede or impair the constitutional mode of obtaining the property by condemnation. Such a finding does not operate as an adjudication on value, in the sense which concludes the parties to the record. It is not enforceable as adjudications are. It becomes operative only in cases where the defendants avail themselves of the privilege accorded, and then only by their voluntary act. It is in the nature of a continuing offer to sell,—inefficacious without binding acceptance,—and bears but slight resemblance to the judgment which creates an estoppel and is available in subsequent proceedings as res adjudicata. That the record of a judgment, in order to conclude either of the parties litigant, must be conclusive upon both, is elementary. 1 Greenl. Ev. § 524; Nelson v. Brown, 144 N. Y. 384, 39 N. E. 355.

Condemnation proceedings are to enable the defendant to acquire title to the easements by making full compensation therefor, and the question of value presents the main, if not only, issue for determination. Hence, the award of the commissioners is conclusive upon the subject. Oberfelder v. Railroad Co., supra. The pendency of an action for injunctive relief (In re Metropolitan El. Ry. Co., 55 Hun, 198, 200, 8 N. Y. Supp. 151), or a judgment in equity (In re Metropolitan El. Ry. Co. [Sup.] 12 N. Y. Supp., at page 504), is no bar to proceedings for condemnation. This is so on principle as well as authority. When the commissioners appointed in such proceedings award the damages, and the same are paid, the equity action as to

injunctive relief abates, for it yields in this respect to the statutory remedy. Id. The judgment in the equity action being no bar to the condemnation proceedings, and not conclusive therein on the subject of value, it follows that the controlling evidence thereof is that furnished by the award of the commissioners, and that alone. There is, therefore, nothing in the case establishing loss or injury to the extent of $14,750, and the fine imposed and fixed at that sum is without warrant in law, for which reason, if no other, the order appealed from would have to be reversed.

If we placed our decision solely on the ground of excessive damages, it might be proper to remand the case to the special term for a reassessment; but another and more serious question presents itself. The injunction issued by this court ended, by force of law, November 27, 1893, when the commissioners' report was confirmed and the award paid (Watson v. Railway Co. [Super. N. Y.] 8 N. Y. Supp. 533; Railway Co. v. Taber [Sup.] 29 N. Y. Supp. 220; Gardner v. Gardner, 87 N. Y. 14, 17, 18), and contempt proceedings cannot be maintained, after an injunction has been dissolved, abrogated, or otherwise ended, to punish a party for a previous violation of the mandate (Peck v. Yorks, 32 How. Prac. 408; Moat v. Holbein, 2 Edw. Ch. 188; Murad v. Thomas, 6 N. Y. St. Rep. 662). In Watson v. Railway Co., supra, the general term of this court held that it was error to refuse to permanently dissolve the injunction in an equity action against the elevated railroad, similar to this action, after the confirmation and payment of the award of commissioners in condemnation proceedings. The ground of the decision was that the acquisition by the railroad company of title and right of possession to the property, which the injunction was intended to protect, ipso facto ended the injunction. Sedgwick, C. J., said:

"The substantial provision was that, when the plaintiff ceased to own, and the defendants became owners, the injunction should not be continued further. The judgment did not intend that, if the defendants became owners, on whatever terms, they should not enjoy the legal consequences of being owners. * * * In my judgment, if, in fact, the defendants have become the owners of that part of the plaintiff's easement, which the injunction prevented them from further using, the plaintiff has ceased to have a right to an injunction."

In Railway Co. v. Taber (plaintiff's appeal from stay order under section 3379, Code; supra), Follett, J., said:

"When the final order has been entered, and the award has been paid or deposited, the plaintiff is entitled to the possession of the property condemned."

In Peck v. Yorks, supra, the court held that the reason of the rule which prevents a prosecution for a statutory offense, or an action to recover a penalty, after the repeal of the statute which made the act criminal or imposed the penalty, "applies with full force to the case of an injunction vacated or modified, and all acts in violation of it previously." Judge Johnson said:

"An injunction, which is but an order of the court, can have no more force or extended operation after it is set aside or modified than a statute repealed or modified, in regard to acts previously done. In either case, the rule being abolished, the infraction of it is abolished also, and nothing remains on which a conviction can be based."

The injunction having been abrogated and dissolved, by operation of law, November 27, 1893, the order made by Judge Dugro on February 27, 1894, did not and could not revive it, or save any rights under it. The order punishing the defendants for contempt was not made until June, 1895, long after the injunction had spent its force. It is therefore open to the objection held to be fatal in the cases last cited.

The condemnation proceedings resorted to by the defendants have long been recognized as a proper alternative for the avoidance of the injunction in elevated railway equity suits (Story v. Railroad Co., 90 N. Y. 179; Glover v. Railway Co., 51 N. Y. Super. Ct. 1; Blumenthal v. Railway Co. [Super. N. Y.] 17 N. Y. Supp. 481; American Bank-Note Co. v. New York El. R. Co., 129 N. Y. 252, 29 N. E. 302; Galway v. Railway Co., 128 N. Y. 149, 28 N. E. 479; Lewis, Em. Dom. § 634), and this whether the suit is commenced before or after the condemnation proceedings are instituted,—the commissioners' award in either instance being regarded as controlling in its effect when followed by payment in some form authorized by law. The jurisdiction of such proceedings rests exclusively in the supreme court. Const. art. 1, § 7; Code, § 3360. The court has no power directly to interfere with or limit the exercise of the right of eminent domain. Whether such right shall be put in motion for any particular purpose, and whether the exigencies of the occasion and the public welfare justify its exercise, are questions which rest entirely with the legislature. Beekman v. Railroad Co., 3 Paige, 45; Harris v. Thompson, 9 Barb. 350; Railroad Co. v. Brainard, 9 N. Y. 100; People v. Smith, 21 N. Y. 595; In re Fowler, 53 N. Y. 60; In re Union Ferry Co., 98 N. Y. 153; Gilmer v. "Lime Point," 18 Cal. 229; Lent v. Tillson, 72 Cal. 404, 14 Pac. 71; Water Works Co. v. Burkhart, 41 Ind. 364; Haverhill Bridge Prop'rs v. County Com'rs of Essex, 103 Mass. 120; Coster v. Tide Water Co., 18 N. J. Eq. 54, 518.

It would seem, therefore, that the condemnation proceedings in the supreme court, followed by payment of the award, effectually terminated this action so far as injunctive relief is concerned. For these reasons the defendants were not amenable to process for contempt of this court for the acts complained of, and the order appealed from must be reversed, with costs.