Per Curiam.
This action is for an injunction against the defendants maintaining and operating their elevated road in front of the plaintiffs’ premises, and for damages. It cannot be said, when it is Considered that different results would follow from different views of the testimony given below, and that the credibility of witnesses had to be passed upon, that the judgment is not supported by evidence. There was enough evidence, if certain witnesses were to be relied upon, and there is no reason to overrule the action' of the judge in that respect.
One matter may be noticed specifically: It is argued by the learned counsel for the appellants that there was á fall in rents from 1862 that was generally continuous to the year 1893, and that the greatest rate in the fall was before the building or working of the road. It is therefore, as is claimed, the correct deduction that the fall before' the road, and that after the road proceeded from one cause, which cause could not be the railroad, as it did not exist until after 1879. It does not seem that this position should be sustained. The coming of the road carried with it disadvantages to the property, which were to be taken with the benefits conferred. It was competent to find that the fall after the coming of the road was to be attributed to this, if the conclusion did not give the benefit of higher rents than those that actually were paid before the road came. Now, was it a matter of law, or a conclusive presumption of fact, or an inevitable inference from the testimony, that the cause of the fall of rents was continuous ? A resort to the testimony might show that it was not continuous.' The testimony on this subject referred to many facts, inferences, and conditions. The judgment of the learned judge below on this subject must be upheld.
An exception was taken to the following question : How long succeeding 1873 did real-estate values in this neighborhood continue to decline? And to the question, so far as concerns property lying east of Pearl street, and in this general locality, what has been the course of values since 1886 ? Such questions seem to be approved' in Roberts v. N. Y. El. Railroad Co., 128 N. Y. 455 ; 40 St. Rep. 454. It says: “ A general statement of the condition and value of property in the neighborhood of that in question could be proved.”
Judgment affirmed, with costs.
All concur.