Gildersleeve, J.
Plaintiffs are the owners of property in Pearl street, in front of which the defendants, in about the year 1878, constructed an elevated railway. In doing so, the defend-: ants appropriated certain portions of the plaintiffs’ property, and thereby became trespassers. This suit was commenced in 1889, and is the usual action in equity by the owners of property-abutting upon a street occupied by said railroad to restrain the defendants from operating their railroad, 'and, incidentally, to- *831 recover past damages. The trial was had in May, 1893, and resulted in a judgment for plaintiffs, which was duly entered on August 29th of that year. The court found that the consequential damages to the fee value were $45,000, and the defendants were allowed the option to avoid the injunction by purchasing the plaintiffs’ easements at that price, and taking a conveyance thereof. The judgment awarded certain past damages, and “adjudged that defendants, after the expiration of sixty days from the entry of this judgment, and the service of a copy thereof, with notice of entry, upon their attorneys, be, and they are hereby, severally enjoined and restrained from maintaining and using the elevated railroad structure now existing in front of the premises of the-plaintiffs * * * for any purpose other than that of removing it.” It was provided that the judgment, injunction, and restraint should not in any way be operative, provided the defendants tendered the usual conveyance twenty days before the expiration of the said sixty days, and paid to - the plaintiffs the said sum of $45,000.' With these conditions the defendants did not choose to comply. They preferred to await the determination of another tribunal, where they had reluctantly instituted proceedings to legally acquire the rights of plaintiffs, which they had for many years wrongfullj’' enjoyed, and thereby put themselves in a position where they could choose between the two judgments, and elect to obey the one for which they had a preference. This course involved the danger of placing the defendants in contempt of the injunction contained in the judgment of August 29th. They nevertheless took the risk. This motion is by plaintiffs to punish the defendants for disobedience to said injunction.
The history of the strife, briefly stated, is as follows: About fifteen years after the original seizure of the plaintiffs’ property in question, and on the eve of the trial of this action, the defendants herein first instituted proceedings in the supreme court for the acquisition of the plaintiffs’ easements. By the terms of the judgment herein the injunction became operative on October 30, 1893. Certain stays were obtained upon the applications of the defendants for orders to show cause, which covered the period between the 30th of October and 8th of November, 1893, but the sixty days time given the defendants in which to a-vail themselves of the alternative provided was never enlarged. The orders to show cause, above referred to, were judge’s orders, and the stays they contained did not operate to modify the judgment of the court On November 6, 1893, the defendants obtained an order in-the condemnation proceedings from a justice of the supreme court holding the special term at chambers in said court, requiring the plaintiffs to show cause on November 8,1893, why an order should not be made in that proceeding, under section -3379 of the Code, authorizing the railroad company to continue in possession of the property sought to be condemned, and staying all actions and proceedings against defendants on account thereof, upon their giving security for the payment of the compensation awarded in the condemnation proceedings, with costs. The order contained a temporary stay of all actions and proceedings tending to interfere- *832 with the possession _y defendants of the property in question, until the decision of the motion. ' On November 8, 1893, the motion to confirm the report and award of the commissioners in the condemnation proceedings, and the said order to show cause, granted November 6, 1893, were heard at special term, at chambers, all parties being represented, and the decision was reserved. The order of the supreme court confirming the report and award of the commissioners in the condemnation proceedings was made on November 27, 1893. The $30,250 awarded by the commissioners was on that day tendered to the plaintiffs, and, being refused by them, was then deposited with the trust company, according to the provisions of the order. The last named order, entered on November 27th, bore date of November 24, 1893. On November 28, 1893, another order, dated' November 24, 1893, was entered in the supreme court, granting authority to the defendants, on payment of the award of $30,250, to remain in possession of said property, and enjoining the Messrs.. Taber, who are the plaintiffs in this action, from interfering with the possession of said property by the railroad companies, and enjoining their actions and proceedings against said companies on account of their possession of said property, and enjoining the Messrs. Taber “from taking any steps in any action or proceedings which shall interfere or tend to interfere with the plaintiffs’ (defendants in this action) possession of the property aforesaid, or which shall' hinder, delay, or check the regular transaction of their business on account of such possession.” On December 6, 1893, the Messrs. Taber appealed to the general term of the supreme court from said last mentioned •order, entered November 28, 1893, except so much thereof as authorized the railroad companies to continue in possession of the property in question after the payment of said award. No appeal was taken from the final order confirming the said report and award, except on the question of costs. On February 27, 1894, on.motion of the railroad companies, showing compliance with said final order in the condemnation proceedings, this court, at special term, ordered as follows: “That the injunction contained in the judgment herein be, and it hereby is, perpetually dissolved.” On application of the Messrs Taber, it was further ordered “ that the plaintiffs herein may take proceedings to obtain from the said New York Life Insurance and Trust Company the money heretofore deposited by defendants herein to the credit of said condemnation proceedings, with interest thereon, and that the plaintiffs may receive the said moneys ; all without prejudice to any rights other than the right after the entry of this order which they may have in this action, or to any further proceedings herein in said proceeding.” Thereafter the Messrs. Taber .obtained the said money from the trust company. On April 9, 1894, the judgment in this action was affirmed by the general term of this court. On May 18,1894, the injunction order, dated November 28, 1893, granted by a justice of the supreme court in the condemnation proceedings, was reversed by the general term of the supreme court, on the ground that the confirmation of the report and the payment of the award on November 27, 1893, entitled the railroad companies to the pos *833 session of the property condemned; that the power given by section 3379 of the Code was intended to protect the railroad companies while the proceeding was pending, and should not be exercised after the proceeding was perfected.
It must be conceded that the railroad companies acquired title to the property in question by the payment of $30,250 on November 27, 1893. Had this been accomplished prior to October 30, 1893, at which time, as it is claimed by plaintiffs, the injunction contained in the final judgment of this court became operative, there would be no grounds for this motion. This motion under consideration is, as we have said, to punish the defendants for a contempt of this court for disobedience to the injunction above mentioned, contained in the final judgment in this action, and the plaintiffs ask that a fine be imposed upon the defendants sufficient to indemnify the plaintiffs against the loss and injury which may have been produced to the plaintiffs by reason of such misconduct of the defendants. The plaintiffs, having received from the trust company the sum of $30,250, awarded by the commissioners in the condemnation proceedings, now claim as an indemnity the difference between that sum and the sum of $45,000, fixed by this court in its final judgment as the value of the plaintiffs’ easement. The motion is vigorously contested, and a careful discussion of the various positions taken by the respective counsel would cover much space, and, in view of the conclusion reached, would be of little benefit to either side. We think the motion should be granted for the following reasons: If the stay contained in the order of November 6, 1893, made by a justice of the supreme ■court in the condemnation proceedings, is given the power claimed for it by defendants, it operated to undo the final judgment of another court of competent jurisdiction, — a judgment regularly procured and duly entered. There is no charge of any fraud or irregularity in the means employed in obtaining the judgment, which the order in question, as is now asserted, suspended, and in effect set aside. Such procedure the law does not tolerate. The rule is well established that the court first to take jurisdiction of the matter in issue shall proceed to judgment, and enforce the same, to the exclusion of all other courts, provided only that all the relief which the Case requires can be obtained in the court in question. That the power of this court in this case was and is ample and complete will not be denied. Even if it can be said that the orders granted by judges of this court between October 30th and November 8th operated to enlarge the sixty days — an effect which we think, as already stated, cannot be claimed — from November 8, 1893, to November 27, 1893, the defendants were in deliberate contempt of the injunction, unless they are purged by the alleged stay contained in the order of November 6,1893, made by a justice of the supreme court in the condemnation proceedings. This order does not purport to enlarge the sixty days ; it simply stays proceedings by the plaintiffs. We hold that a justice of the supreme court has no jurisdiction to modify or stay the operation of a judgment of this court obtained and outstanding under the *834 circumstances herein disclosed. Mayor, etc., v. Brady, 115 N. Y. 599 ; 26 St. Rep. 340; Conover v. Mayor, etc., 25 Barb. 513 Stuart v. Palmer, 74 N. Y. 183. For a period of more than three: weeks, therefore, the defendants disregarded the injunction, and in so doing were guilty of a deliberate violation of the decree of this court. The fine imposed should be sufficient to indemnify the plaintiffs. It clearly appears that plaintiffs are aggrieved in difference between $45,000 and $30,250, which equals the sum of $14.750. It therefore follows that the fine imposed should be the sum of $14,750, together with $10 costs of this motion.