1834.

MOAT
v.
HOLBEIN.

## MOAT v. HOLBEIN.

While an injunction is in operation, a party ought to respect it, even though improperly issued.

No motion, made after the dissolution of such an injunction, for an attachment, on the ground of an infringement of it while in force, can be sustained.

A writ of injunction ought to be sufficiently explicit upon its face, by defining the property or matter enjoined, and so that a party may be thereby clearly advertised of what he is not to do.

*March* 10.
1834.

*Practice.*
*Injunction.*

The bill (which was sworn to) contained no prayer for subpœna. An injunction had been issued, under the *allocatur* of the master; and, served. The writ of injunction was loose in its terms. It directed the defendant to " desist and

refrain from selling, removing or disposing of any of the *said* partnership property or from collecting the partnership debts or other monies:" but contained no reference whatever to any particular firm or co-partnership business. After service of the injunction, the complainant's solicitor entered an *ex parte* order allowing his client to amend by adding to the bill a prayer for subpœna.

A motion had been made to dissolve the injunction, which was granted, with costs, but the amendment was permitted to stand.

An application was now made (after the dissolution) for an attachment for infringing the injunction while it was in operation.

Mr. ———— for the complainant.

Mr. *C. O'Connor* for the defendant.

THE VICE CHANCELLOR:—While an injunction is in operation, a party ought to respect it, even though the same may have been improperly issued: more particularly if it be connected with strong equitable circumstances. The case of *Partington* v. *Booth*, 3. Meriv. 148. is in point.

But I am strongly inclined to say, that no motion made after the dissolution of such an injunction for an attachment, on the ground of an infringement of it while in force, can be sustained.

There would be another ground for refusing the present application, even if what I have said were not sufficient. The injunction is not definite. It does not point out what particular partnership property is to be held sacred. A writ of injunction ought to be sufficiently explicit upon its face, by defining the property or matter enjoined, and so that a party may thereby be clearly advertised of what he is not to do. Motion denied.