## SUPREME COURT.

### SMITH agt. RENO.

An injunction can only be granted or sustained upon *affidavit;* and where the complaint praying an Injunction is duly verified, it may be used to obtain or uphold an injunction. But where the complaint is not so verified, the party must rely upon the affidavit alone for obtaining or sustaining it.

It is no answer to a motion to dissolve an injunction, that the defendant has violated it. (*The dictum in Krom agt. Hogan*. 4 *Howard*, 225, *asserting differently, disapproved.*)

Sufficient facts and allegations must be set forth to warrant the issuing of an injunction; that is, it must appear that the plaintiff has some interest in the premises; that the defendant is wrongfully in possession, and is committing an injury, &c.

The plaintiff will be entitled to an order to show cause, or an attachment, as the case may be, on showing a violation of an injunction by the defendant—notwithstanding the injunction may have been issued without the requisite facts appearing, and for that reason dissolved. It is not for the defendant to determine whether an injunction is properly or improperly issued. It is his duty to obey it while *it exists.*

*Albany Special Term, March* 1851. *Motion to vacate an injunction.* The action was brought to recover the possession of lands which the plaintiff claimed to own in fee. The complaint alleged that the defendant, being in possession, had been, and then was, " cutting, destroying, disposing of, and removing large quantities of growing and standing timber and wood from the premises, and had destroyed the fences thereon, and suffered them to go to decay. The plaintiff demanded, as a part of the relief to which he was entitled, an injunction to restrain the defendant

Smith agt. Reno.

from the commission of any further waste upon the premises. The complaint was not verified, but the plaintiff annexed thereto his affidavit, stating the object for which the action had been brought; that the defendant was in possession of the premises, and had been and still was, " cutting, destroying, disposing of, and removing wood and timber, standing and growing on the premises, and removing, tearing down, or destroying the fences erected thereon, and also tearing down, destroying and removing out-houses, and buildings standing and being on said premises, or some portion thereof. Upon this affidavit an injunction was granted by the county judge, restraining the defendant from the commission of any waste upon the premises, or from cutting, &c. The motion to vacate the injunction was founded upon the complaint and affidavit upon which it was granted. The plaintiff produced affidavits showing that, notwithstanding the injunction, the defendant had continued the acts from the commission of which he had been restrained, and moved for an attachment.

J. H. RAMSAY, *for Plaintiff*

T. SMITH, *for Defendant.*

HARRIS, Justice.—The plaintiff supposes that by showing a violation of the injunction on the part of the defendant, he can defeat the motion to dissolve it. In this, I think, he is mistaken. It is true, that a party who is in contempt, can not apply to the court for a favor. But he must have been adjudged to be in contempt before this rule can be applied to him. It is not enough to produce affidavits showing that the court might be justified in so adjudging. And, even after he has actually been adjudged to be in contempt, he has a right to be heard upon any matters of strict right. The rule only applies to matters of favor (2 *Barb. Ch. Pr.* 281-2). A remark is found in the opinion of the court, in the case of Krom vs. Hogan (4 *Howard*, 225), which has been relied upon in support of the position, that it is sufficient to defeat the motion to vacate the injunction, if it appear by affidavit that the defendant has violated it. There is a *dictum* in that opinion which seems to favor this position. But the

decision of the case did not turn upon this point, and a reference to the authorities cited by the learned judge will show that he had, inadvertently, failed to notice the distinction to which I have alluded. The motion may, therefore, properly be considered upon its merits.

The 219th section of the Code declares in what cases an injunction may be granted, and the 220th section prescribes the manner of establishing the facts upon which it is to be granted. It must appear satisfactorily to the court or judge, *by affidavit*, that " sufficient grounds exist therefor." All the facts necessary to establish the plaintiff's right to this remedy must appear by affidavit. Where the allegations in the complaint are verified by affidavit, it may be used for the purpose of obtaining or sustaining the injunction, but where, as in this case, the complaint is not so verified, the plaintiff must rely alone upon the facts stated in the affidavit upon which he obtained the injunction to support it. The facts which appear from the affidavit in this case, do not furnish sufficient grounds for issuing an injunction. All that appears is, that the defendant is in possession of the premises described, and has been and still is cutting, destroying, disposing of, and removing wood and timber standing and growing thereon. It does not appear that the defendant is wrongfully in possession, or that the plaintiff has, or claims to have any interest in the premises. The affidavit entirely fails to show that the defendant was committing or about to commit any act, " the commission or continuance of which, during the litigation, would produce any injury to the plaintiff. The injunction was therefore granted without sufficient grounds appearing therefor, by affidavit; and the motion to vacate it must be granted with costs.

Notwithstanding this order, I think the plaintiff is entitled to a further order requiring the defendant to show cause why an attachment should not issue against him for the violation of the injunction. It appears from the affidavits before me, that the defendant, after the service of the injunction upon him, has continued to cut and remove the timber upon the premises; in fact that he has entirely disregarded the injunction. It was not for

him to determine whether the injunction was properly granted or not. So long as it remained an order of the court, so long he was bound to regard it. The fact that it has now been dissolved, will furnish no protection to him for its violation, while it remained in force. The plaintiff is, therefore, entitled to an order requiring the defendant to show cause, at the next special term, why an attachment should not issue against him, as for a contempt, for the violation of the injunction.