## SUPREME COURT.

### J. FRANKLIN PECK agt. THEODORE D. YORKS.

While an *injunction* remains, it must be obeyed, and it is no answer to a charge of violation, that the injunction ought not to have been granted, or that it restrained acts which were proper in themselves, and which were improvidently restrained.

Where an injunction order improperly restrains certain acts of the defendant, and during its continuance these acts are performed by the defendant in technical violation of the injunction, but subsequently the injunction is modified so as to dispense with the clause improperly restraining such acts, an *attachment* for such violation of the injunction, applied for and issued after the modification of the injunction cannot be sustained.

This is upon the general principle that an injunction, which is but an order of the court, can have no more force or extended operation after it is set aside or modified, than a statute repealed or modified, in regard to acts previously done.

*Monroe Special Term, February,* 1867.

*Before* THOMAS A. JOHNSON, *Justice.*

ATTACHMENT for an alleged violation of an injunction. The plaintiff was a judgment creditor of Anthony Yorks, and brough his action in the nature of a creditor's suit against him and the above named defendant, and another,

The defendant was charged generally in the complaint with having in his possession and under his control, a large amount of property, securities and money, belonging to the judgment debtor.

The injunction enjoined and restrained the defendant from interfering, meddling with, or disposing of any of said property, &c., and in addition thereto any property in his possession or under his control.

On the 27th of January, 1864, the injunction was modified so as to restrain the defendant only, from disposing, &c., of such property as he had received from the judgment debtor, or such as belonged to such judgment debtor prior to November 22, 1861, and the proceeds thereof.

Prior to this modification, and while the injunction as originally granted remained in force, the defendant sold and conveyed a certain piece or parcel of land, and also assigned a certain bond and mortgage for upwards of $6,000, which had

been assigned to him by a person other than the judgment debtor. This property belonged to the defendant in his own right, and had never in any manner, belonged to the judgment debtor, as the referee finds, to whom it was referred to take the proofs in the proceedings on the attachment, and report the same to the court, with his opinion thereon.

The attachment was granted upon an *ex parte* application by the plaintiff, on the 29th of April, 1864, three months after the modification of the injunction.

J. F. PECK, *in person.*

G. F. DANFORTH, *for defendant.*

JOHNSON, J. The injunction as originally granted, by its terms restrained the defendant from disposing of any property in his possession or under his control, whether it was or ever had been the property of the judgment debtor or not, and had there been no modification of such injunction, I should be inclined to the opinion that there had been a technical violation of it by the defendant. Unquestionably the injunction was improvidently granted with so wide a scope, and was very properly modified, so as to operate only on property to which the plaintiff could possibly lay claim. But this is of no consequence, on the question of the violation of its provisions. While the injunction remains it must be obeyed, and it is no answer to a charge of violation, that the injunction ought not to have been granted.

But here the defendant is not proceeded against until after the modification, and the question arises, whether the modification did not operate to divest entirely of their illegal and improper character, the acts complained of. I am clearly of the opinion that it did. The only case I have been able to find where this question seems to have been raised, is that of *Moat* agt. *Holbein* (2 *Ed. Ch. R.* 188), in which the vice chancellor expresses the opinion that no motion made for an attachment after the dissolution of an injunction, on the ground of an infringement of it while in force, can be sustained. It does not appear, however, that the decision was

put exclusively upon that ground.    But the analogies are all
that way.

It is well settled, both in England and in this country, by
numerous adjudications, that where an act is forbidden and
rendered criminal by statute, and which statute is afterwards
repealed, offences committed under it before such repeal,
and the proceedings thereupon, are discharged by the repeal,
and cannot be proceeded on afterwards unless there is a spe-
cial clause in the repealing act authorizing proceedings for
such acts.

In the case of *Hartung* agt. *The People* (22 *N. Y. R.* 95),
it was held that the repeal of a law imposing a penalty,
arrests the judgment even after conviction for the offence,
and the judgment must be reversed on writ of error.

The authorities on the question are nearly all cited in that
case.    The rule has been repeatedly recognized and acted
upon by the courts of this state upon the repeal or modifica-
tion of our excise laws, in regard to offences committed
before such repeal or modification.    The reason of this rule
applies with full force to the case of an injunction vacated
or modified, and all acts in violation of it previously.    An
injunction, which is but an order of the court, can have no
more force or extended operation, after it is set aside or mod-
ified, than a statute repealed or modified, in regard to acts
previously done.    In either case, the rule being abolished,
the infraction of it is abolished also, and nothing remains on
which a conviction can be based.

There was no saving clause in the order modifying the
injunction in question.    The illegal acts became legal and
innocent by relation, upon the modification of the injunction,
upon the same principle, substantially, that a legal act done
under voidable process, becomes illegal and actionable by
relation, after the process is set aside.    While the process
stands, an act in pursuance of it may be justified under it,
but the moment it is set aside, an action lies by the injured
party, and the process being set aside, no justification
remains to the party in whose favor it is issued and served
(*Chapman* agt. *Dyett*, 11 *Wend.* 31).

It is claimed by the plaintiff, that upon the testimony before the referee, it appears that a portion at least of the property thus disposed of by the defendant, came originally from the judgment debtor. But the referee finds the other way, and in this he is sustained by the preponderence of the evidence.

I must hold, therefore, that the defendant has not been guilty of the misconduct alleged, and that he is entitled to his discharge from the attachment, with such costs as are allowed by law.