No.  11,722.

STATE EX REL. MRS. F. E. NOBLE ET AL. VS. FRED. D. KING, JUDGE.

Defendants presenting, in executory proceedings, a sworn answer, alleging a previous settlement of the mortgage indebtedness, and demanding an injunction restraining sale proceedings without bond, will not be entitled to that relief if there are exhibits accompanying same which make an exactly contrary showing.

APPLICATION for a Writ of *Certiorari.*

*Thomas F. Maher* for Relatrices.

*Charles J. Theard* for Respondent.

State ex rel. Noble et al. vs. Judge.

### APPLICATION FOR CERTIORARI.

The opinion of the court was delivered by

WATKINS, J.    The relatrices are defendants in executory proceedings in the respondent's court—Division "B" of the Civil District Court, parish of Orleans—entitled Southern Building and Loan Association vs. Mrs. F. E. Noble and Mrs. C. S. Garbanatti, wherein plaintiff is seeking the foreclosure of a vendor's mortgage on defendant's property.

The petitioners aver that they appeared and filed an answer in said executory proceedings, in keeping with the terms and provisions of Code of Practice 739, and in compliance with the requirements of Code of Practice 738 applied to the respondent for an injunction, without bond, to suspend further sale proceedings, but he disregarded the aforesaid answer, refused the injunction and allowed the proceedings to proceed to sale, and adjudication of the property to the plaintiff in the writ, in plain and manifest disregard of the petitioners' legal rights in the premises.

Alleging that plaintiffs' domicile is in Knoxville, Tenn., and without any domicile in the State of Louisiana at which the corporation can be sued, and that, consequently, petitioners are without an effective remedy by appeal, they allege that certiorari is their only available and effective remedy for a review of the alleged arbitrary exercise of authority on the part of the respondent.

Their prayer is for the production in this court of a certified copy of the original record, in the seizure and sale proceedings, for examination and review by this court, and that when examined and considered, we shall decree all proceeding had therein after the date of filing answer and request for an injunction absolutely null and void, and for further relief according to law.

The respondent returns that when first applied to in his chambers, by counsel for the defendants in the executory proceedings for an injunction, he readily consented to grant them the requisite order upon their furnishing bond, but he refused to give bond, demanding same without bond.

That immediately afterward he "took up all the papers in the case and examined the entire record with the utmost care." That he "sent for the plaintiffs' attorney and heard his statement of facts." That "after the most careful examination of the papers," he refused to grant an order of injunction without bond.

State ex rel. Noble et al. vs. Judge.

Instead of certified copies, the respondent has sent the original records along with his return and they are now before us.

Even conceding that, under the facts thus furnished, *certiorari* is petitioners' *only* remedy, they are without any claim to relief.

While it is true that petitioners, as defendants in the aforesaid executory proceedings, did comply with the requirements of Code of Practice 738 and 739, by filing a sworn answer thereto to the effect that, in the months of February and April, 1894, they had "settled all claims of the Southern Loan and Building Association," yet, in confirmation of that statement, they annex to and make parts of their answer certain exhibits, which make an exactly *contrary* showing.

One of the exhibits is an agreement entered into between the loan company and petitioners on the 15th of February, 1894, to the effect that, whereas the former holds a lien on the property of the latter securing a debt of two thousand five hundred dollars with interest, fines, premiums, etc.; and that the petitioners were at the time in arrears for more than six months in the payment of dues, interest and premiums, etc.; and that, on that account, the property was subject to be sold by said association; the company consented and agreed to *extend* the time of payment until the 20th of March, 1894.

The other exhibit is an act of sale at auction and an adjudication of the property to the loan company.

If these exhibits prove settlement they also prove the indebtedness of petitioners, and a sale in default of their making payment at end of the delay.

By the same instruments whereby proof is made of settlement, it is also made of the alienation of their property.

In either event their answer is altogether unavailing, and their right to an order of injunction without bond is negatived.

The respondent, in our opinion, correctly refused to grant the preliminary order requested at his hands, and petitioners have not made good their claim to relief.

It is therefore ordered and decreed that the preliminary order be set aside, and the petitioners' demand be refused at their cost.

Rehearing refused.