]No. 1562, February 23, 1914.[
STEPHEN CANAVAN, et al., Plaintiffs in Error, v. KATE CANAVAN, Defendant in Error.

### SYLLABUS (BY THE COURT)

1. The proceedings examined and held to be proceedings as for civil contempt.

P. 642

2. A final decree dissolves a preliminary injunction which is ancillary to the main case unless the same is specially continued by the decree, and thereafter a litigant cannot be punished as for civil contempt for violation of the preliminary injunction prior to its dissolution.

P. 645

Error to the District Court of McKinley County; Herbert F. Raynolds, District Judge; reversed and remanded.

E. W. DOBSON, Albuquerque; CHARLES A. SPIESS, Las Vegas, and MANN & VENABLE, Albuquerque, N. M., for plaintiff in error.

The order adjudging Canavan in contempt was made after final decree and after the restraining order had ceased to be effective. It not being carried forward by the final decree. Gardner v. Gardner, 87 N. Y. 14; People, ex rel. Morris, v. Randall, 73 N. Y. 416; State against Bruce, et al., 45 S. E. 153; Sweeney v. Hanley, 126 Fed. 197; 10 Enc. Pl. & Pr. 1029; Beach on Injunction, sec. 109; Gompers v. Buck Stove & Range Co., 221 U. S. 446, 55 L. Ed. 809.

Upon the entry of the final decree the temporary injunction came to an end. Gardner v. Gardner, 87 N. Y.

14; Eureka Con. Min. Co. v. Richmond Min. Co., 5 Sawy.
121; Fed. Cas. No. 4549; 10 Enc. Pl. & Pr. 1029; Buf-
fington v. Harvey, 95 U. S. 99, 24 L. Ed. 381.

If a temporary order is violated, the court has no juris-
diction after the dissolution of the injunction to punish
for its violation as for contempt. Moat v. Holbein, 2 Edw.
Chan. 188; Clark's Case, 12 Cush. 320; State v. Rive, 67
S. C. 236, 45 S. E. 153; Peck v. Yorks, 32 How. Pr. 408;
U. S. v. Price, 1 Alaska, 204; Smith v. McQuade, 13 N.
Y. Sup. 63; Ex Parte Maulsby, 13 Md. 625; In re Fan-
ning, 40 Minn. 4; Robertson v. Bingley, 1 McCord Eq.
(S. C.) 333; State v. Matthews, 49 S. E. 199, 27 S. E.
52; Rapalje on Contempt, sec. 50; Taber v. Manhattan
Ry. Co., 35 N. Y. Sup. 465.

This is a civil and not a criminal contempt. 9 Cyc. 6;
In re Wilson, 17 Pac. 608; Wyatt v. The People, 28 Pac.
961; Holbrook v. Ford, 153 Ill. 633, 27 L. R. A. 324;
People v. Oyer & Term., 101 N. Y. 245; Gompers v. Buck
Stove & Range Co., 221 U. S. 446, 55 L. Ed. 809; In re
Nevitt, 54 C. C. A. 622, 117 Fed. 451; Bessette v. Con-
key Co., 194 U. S. 324, 48 L. Ed. 997; Rapalje on Con-
tempts, sec. 21.

Being a civil contempt and the object of the contempt
proceedings being to afford relief to the complainant, the
final decree is a bar to any relief not awarded therein. 23
Cyc. 1108; In re Ambrose, 72 Cal. 378, 14 Pac. 33; Ran-
dall v. Dusenberry, 41 N. Y. Sp. Ct., (9 Jones & S. 456.)

The judgment committing appellant to jail for con-
tempt amounts to an imprisonment for debt in a civil ac-
tion, and is in conflict with section 21 of the Bill of Rights
contained in the Constitution of New Mexico. In re Jara-
millo, 8 N. M. 600; Bill of Rights, Const. N. M., sec. 21.

VIGIL & JAMISON and A. T. HANNETT, Albuquerque,
N. M., for defendant in error.

### OPINION OF THE COURT.

PARKER, J.—This is an appeal from a judgment in a
contempt proceeding. The appellant has been before the
Court on two former occasions. See Ex Parte Canavan,

130 Pac. 248, and Canavan v. Canavan, 131 Pac. 493. The facts sufficiently appear in those cases, and will not be here repeated. The first case was a habeas corpus proceeding upon a partial and imperfect record. It did not appear from the record in that case that the Court was without jurisdiction, and we held that habeas corpus was not a proper remedy. In the second case, we refused to review the judgment in the contempt proceeding because it was rendered after the final decree in the divorce case, and was, consequently, not reviewable on appeal from the final decree. In this case, however, the appeal is brought directly from the judgment in the contempt proceeding. The question now is as to whether the judgment in the contempt proceeding was erroneous.

Counsel for appellant relied upon several propositions, two of which only will be considered.

It is first asserted that the alleged contempt is a civil contempt. This was practically assumed in Canavan v. Canavan, supra, and is now so decided. Counsel have alleged, in support of this conclusion, first, that all of the affidavits, motions and orders of the court in the contempt proceeding are entitled and filed in the original divorce proceeding. While this fact may not always be controlling, it is always a strong circumstance tending to show that the proceeding is civil and not criminal. Second, counsel urge that the form of the prayer of the plaintiff to the effect that the court commit appellant to jail until he turns over the $19,000 decreed to the plaintiff, is controlling. This fact we deem of the highest importance and determinative of the character of the proceeding. Third, counsel suggests that the judgment in contempt itself in adjudging costs to the plaintiff, characterizes the proceeding as civil. It must be apparent that if the proceeding were criminal, no costs could be awarded the plaintiff. Costs in such a case would go into the public treasury. Fourth, counsel urges that the coercive nature of the judgment itself fixes the character of the proceeding. It clearly appears from the judgment that the object sought to be attained thereby was to secure the payment of the decree to the plaintiff. With all of these sug-

Canavan v. Canavan, 18 N. M. 640.

gestions we agree and they are undoubtedly the law on the subject.

Gompers v. Buck Stove & Range Co., 221 U. S. 418, 34 L. R. A. (N. S.) 874.

Our own Territorial Court has pointed out the true rule on this subject in Costilla Land & Investment Co. v. Allen, 15 N. M. 528, 110 Pac. 874, where it is said:

"The border line between what may be termed civil and what criminal contempt is, as has been pointed out by many authorities, exceedingly indistinct and narrow, leaving it often a question of extreme refinement as to whether the act was one or the other. Of course all judgments for contempt are in a sense punitive since the sentence imposed, even if simply to preserve private rights and even if the so-called fine go to the litigant purely by way of reimbursement, has the effect to punish the recalcitrant and to declare the purpose of the court that its orders shall not be trifled with. The authorities, however, draw a distinction between those contempts where the protection of the court and a vindication of its dignity are the main objects of the proceeding and those where a mere effective remedy to private litigants is after all the purpose of what is done."

Counsel for appellant take the second position as follows: The injunction, for the alleged violation of which appellant was committed, was a preliminary injunction, and was merged into or dissolved by the final decree of divorce which made no reference to the same; this being true, it is asserted, there remains no power in the court to punish for civil contempt after merger or dissolution of the injunction, even if the same was in fact violated while it was in force.

The first half of the proposition seems to be well established, and to be uniformly recognized. Thus Mr. High states the rule as follows:

"But when the injunction is merely ancillary to the principal relief sought and is in terms granted until further order of the court, it is regarded as abrogated by the final judgment of the court granting the principal relief sought by the action and making no provision for continu-

ing the injunction." High on Injunctions, (4th ed.) section 1503.

See also 22 Cyc. 981, where it is said: "The entry of a final decree in the injunction suit renders a temporary injunction ineffective." See also Sweeney v. Hanley, 126 Fed. 99, wherein it is said:

"It will be noticed that by this final decree the injunction theretofore granted was not continued in force. Upon the entry of the final decree the temporary injunction came to an end. Gardner v. Gardner, 87 N. Y. 14; Eureka Con. Mining Co. v. Richmond Min. Co., 121 Fed. Cases 45-49; Ency. 24, L. E. 381. A motion was subsequently made on behalf of the defendants to the suit for an order dissolving the preliminary injunction, which motion the court below denied. Whether or not it was the real reason for that action of the court, it is a sufficient reason therefore that no such injunction was then in force, it having come to an end by the entry of the final decree in the cause, making no provision for the injunction."

This must be so. The final decree always represents the determination of the court upon all the issues between parties, unless some of them are expressly reserved or excepted therefrom. It must of necessity require some special reservation, exception or continuance of the court to preserve an anterior ancillary order in the form of an injunction issued for the purpose of preserving the status of property *pendente lite*.

The second half of the proposition is of more difficulty. On principle it would seem that a party to an equity proceeding who has been enjoined from removing the estate which is the subject of litigation from the jurisdiction, and who has violated the injunction and who has thereby defeated his antagonist from collecting the amount of the decree which has been awarded against him, certainly should be punishable by the coercive remedy of a proceeding as for civil contempt, until he shall pay the judgment. One's sense of right and wrong would seem to sanction the proposition. But when examined more carefully, it would seem not to be sound. It is to be remembered that an injunction is a rule of conduct merely imposed for the

time being, upon a litigant by the properly constituted authority. But for the injunction the acts against which it is directed may be lawfully performed. If the litigant violates the injunction during its existence, he may be punished as for civil or criminal contempt, or both. But if the injunction be dissolved, what was unlawful when it was in force, because prohibited by it, becomes lawful and no basis remains upon which to predicate a proceeding in contempt. The principle runs through other branches of the law. For instance, if a statute prohibits the doing of any given act, the citizen may be punished for doing it so long as the statute remains in force. But if the statute be repealed and the legislature fails to provide that the statute shall remain in force as to all prior violations of the act, that which was unlawful has become lawful, and no prosecutions can be had. While the criminal in morals is still a criminal, in legal contemplation the law has released him from his criminality. Just so with injunctions. A person violating an injunction and thereby defrauding his adversary of the fruits of his cause of action, is still guilty in morals, but in legal contemplation the law has dicsharged him of his offense.

A different principle would seem to govern in case of criminal contempt, but we will not discuss the same, it not being involved. In actions for civil contempt the duty commanded by the injunction no longer exists after the dissolution. In order to punish for a civil contempt it would seem that there must be a present rule of conduct subsisting and in force together with the acts violating the same.

Comparatively little satisfactory authority is to be found on the subject. It is said in Spelling on Injunctions and Extraordinary Legal Remedies, section 1129, that this is the correct rule, and he cites one case, that of Moat v. Holbein, 2 Edw. Ch. (N. Y.) 188. The opinion is by the Vice-Chancellor, and is not at all satisfactory in its discussion of the proposition, but it seems to be the earliest case to be found.

In Peck v. Yorks, 32 How. Pr. (N. Y.) 408, the same doctrine is announced and a very well considered opinion is rendered by the Court, in which it is said:

"An injunction, which is but an order of the court, can have no more force or extended operation after it is set aside or modified than a statute repealed or modified, in regard to acts previously done. In either case, the rule being abolished, the infraction of it is abolished also, and nothing remains on which a conviction can be based."

See also Tabor v. Manhattan Ry. Co., 35 N. Y. S. 465, to the same effect.

In Gompers v. The Buck Stove & Range Co., supra, while the exact point was not involved which is involved here, a similar proposition. was involved and the court held that by reason of the settlement of the main case, the ancillary proceedings by way of injunction had come to an end, and that, therefore, no proceedings for civil contempt could be maintained.

We, therefore, hold that the proceeding in this case, being a proceeding as for civil contempt, and being a proceeding for a violation of a preliminary injunction after the same had been merged and dissolved, and for acts alleged to have been committed prior to its dissolution, is not maintainable.

It follows from what has been said, that the judgment of the court below is erroneous and the same will be reversed, and the cause remanded to the District Court with directions to proceed in accordance with this opinion.