SHULER et al. v. RATON WATERWORKS CO.

(Circuit Court of Appeals, Eighth Circuit.   December 24, 1917.)

Nos. 4634, 4850.

1. CONTEMPT ⬦═══66(3½)—TIME FOR APPEAL.
    Where judgments in contempt proceedings were entered August 30, 1915, an appeal taken October 16, 1916, comes too late, and must be dismissed, under Act March 3, 1891, c. 517, § 11, 26 Stat. 829 (Comp. St. 1916, § 1647), allowing six months in which to take appeals.

2. CONTEMPT ⬦═══66(1)—REVIEW—WRIT OF ERROR—EQUITY CASE.
    Under Act Sept. 6, 1916, c. 448, § 4, 39 Stat. 727 (Comp. St. 1916, § 1649a), declaring that no court having power to review a judgment or decree rendered or passed by another shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out, but when such mistake or error occurs it shall disregard the same, and take the action which would be appropriate if the proper appellate procedure had been followed, a writ of error sued out to review a judgment in contempt proceedings entered in 1915, cannot be dismissed on the ground that the judgment was entered in an equity suit and reviewable only by appeal; this being so despite the provisions of section 7 of the act that it should not apply or affect any writ of error, appeal, or certiorari already applied for, and that the right of review under existing laws should remain unaffected for six months.

3. APPEAL AND ERROR ⬦═══77(1)—REVIEW—FINAL JUDGMENTS.
    In a suit by a waterworks company against a city to enjoin it from furnishing water to any of its citizens from a waterworks system which it had constructed, persons not parties to the action were adjudged guilty of contempt in disobeying a temporary injunction and fined. Held that, as they were not parties and could not appeal from the final decree in the main case, those so adjudged in contempt are entitled to appeal from, or sue out a writ of error to review, such judgment in contempt; it being final as to them.

4. INJUNCTION ⬦═══218—VIOLATION OF INJUNCTION.
    While the dismissal of a bill and temporary injunction will not relieve those who violated the temporary injunction from the effects of their disobedience, or purge their contempt, it may be considered in determining the equities in the proceeding for contempt.

5. INJUNCTION ⬦═══223(1)—VIOLATION OF INJUNCTION—SCOPE OF ORDER.
    A waterworks company, claiming an exclusive franchise, sued in the federal District Court to enjoin a city from furnishing water to any of its citizens from a water system which the city had constructed. On order to show cause, a temporary restraining order was issued; thereupon the city's legislative officers enacted an ordinance repealing the franchise of the waterworks company and directing it to remove its pipes and equipment from the highways, grounds, and public places of the city. The ordinance directed the mayor, clerk, and city attorney to take such steps as might be necessary to effectuate its provisions.   Thereupon a bill in equity was filed in the state court, praying an injunction restraining the waterworks company from collecting or attempting to collect water rentals or rates. Held that, in view of the fact that the waterworks company took no step to assert its exclusive franchise until the city had practically completed its own plant, and that the temporary injunction was subsequently dismissed and the bill denied, the city officials and attorneys, who asserted that they were acting in good faith in passing the ordinance and instituting the litigation, should not be adjudged guilty of contempt on the theory that they had violated the spirit of the restrain-

_____

⬦═══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ing order, for such order is not one which should be extended by construction; this being true, even though the city sought relief in the state court, while a suit involving the matters in controversy was pending in the federal court, for the pendency of such suit did not deprive the city of the right to sue in the state court, and the waterworks company had the right to apply in the federal court for an order staying proceedings in the state court.

In Error to and Appeal from the District Court of the United States for the District of New Mexico; William H. Pope, Judge.

Suit by the Raton Waterworks Company against the City of Raton. J. J. Shuler and others were adjudged guilty of contempt for violating an injunction order, and they appeal and bring error. Appeal dismissed, and judgment reversed on writ of error.

Pershing, Titsworth & Fry and R. G. Bosworth, all of Denver, Colo., for plaintiffs in error and appellants.

L. Laflin Kellogg, of New York City, Jesse G. Northcutt, of Trinidad, Colo., E. B. Upton, of Cripple Creek, Colo., and Henry W. Coil, of Trinidad, Colo., for defendant in error and appellee.

Before CARLAND, Circuit Judge, and AMIDON and MUNGER, District Judges.

CARLAND, Circuit Judge. [1] This case is here by writ of error (4634) and appeal (4850). The appeal was taken October 16, 1916, from a judgment in contempt proceedings entered August 30, 1915. It thus appears that the appeal was not taken within the time allowed by law (Act March 3, 1891, § 11, 26 Stat. 829 [Comp. St. 1916, § 1647]) and must be dismissed.

There is a motion to dismiss the writ of error for the following reasons: (1) The judgment in contempt was an interlocutory order, and part of the record in the main case, and not reviewable prior to the final decree therein. (2) This court has no jurisdiction to review the judgment in contempt by writ of error, for the reason that said judgment was entered in an equity suit and is only reviewable by appeal.

[2] The second point made has no merit, as section 4 of the act of September 6, 1916 (section 1649a, Comp. St. 1916, 39 Stat. 727), prohibits the dismissal of the writ for the reason urged. Section 7 of the act referred to provides that the same shall not apply to any writ of error theretofore duly applied for; but it is manifest that said section 7 is a saving clause against other provisions of the act and has no effect upon section 4.

In considering point 1 it will be necessary to describe to some extent the action in which the judgment in contempt was entered.

[3] The Raton Waterworks Company commenced an action in equity in the court below to enjoin the city of Raton, N. M., from furnishing water to any of its citizens from a waterworks system which the city had constructed. The city of Raton in its corporate name was the only party sued. The plaintiffs in error, viz. J. J. Shuler, mayor; Floyd Hayner, clerk; William T. Huffine, A. V. Lucero, Henry Boan, Edwin B. Humphrey, Henry C. Jones, and Abe Garcia, aldermen; and Howard L. Bickley, James H. Pershing, and John R. Fry, attor-

neys—were not parties to the action, and the judgment in contempt imposed fines ranging from $50 to $100 each upon them for disobeying a temporary injunction issued in said action; the plaintiffs in error to stand committed in default of payment thereof. The judgment further provided that the fines should be paid to the Waterworks Company, as damages. Not being parties to the suit, plaintiffs in error could not have appealed from the final decree in the main case. The judgment in contempt affected them personally and was final. Bessette v. W. B. Conkey, 194 U. S. 324, 24 Sup. Ct. 665, 48 L. Ed. 997; Alexandria v. United States, 201 U. S. 117, 26 Sup. Ct. 356, 50 L. Ed. 686; Nelson v. United States, 201 U. S. 92, 26 Sup. Ct. 358, 50 L. Ed. 673. The motion to dismiss the writ of error must therefore be denied. The remaining question to be considered is: Were the plaintiffs in error guilty of contempt?

[4, 5] As before stated the prayer of the complaint asked for a temporary injunction, to be made permanent on final decree, restraining the defendant, its officers, agents, employés, and attorneys from permitting or authorizing any of the inhabitants or citizens of the city of Raton to connect their water pipes with the mains of said city, or from supplying any of said citizens or inhabitants with water from the said water mains, either under contract to pay therefor, or gratuitously or otherwise, until the further order of the court in the premises, or from using water from the city waterworks system for fire or hydrant purposes, or any other municipal purpose, and from operating or using said waterworks system in any manner until the further order of the court in the premises. This was all the relief asked for, except that there was a prayer for general relief, but such prayer has no importance in the matter now under discussion. The complaint was filed July 2, 1915. On the same day an order was issued requiring the plaintiffs in error to show cause why a preliminary injunction should not issue restraining them during the pendency of the action as prayed in the complaint. A temporary restraining order was made a part of the order to show cause. It reads as follows:

"And until the hearing and final determination of this motion, and the further order of the court in the premises, the said defendant, the city of Raton, its officers, agents, servants, and attorneys, are hereby restrained and enjoined from supplying any of the citizens or inhabitants of the said city of Raton with water from the water mains of the defendant, either under contract to pay therefor, or gratuitously or otherwise, and from using water from its waterworks system for fire hydrant purposes or any other municipal purposes, and from permitting or authorizing any of the inhabitants or citizens of the said city of Raton to connect their water pipes with mains of the defendant in the city of Raton, and from operating or using its waterworks system in any manner whatsoever; this temporary restraining order not to become effective until plaintiff shall have filed a good and sufficient injunction bond to be approved by the clerk in the sum of $5,000 protecting defendant against damages pending the hearing."

On July 31, 1915, after the order to show cause had been heard, the court made the following order:

"This cause having been heretofore submitted upon plaintiff's motion for a temporary injunction, it is ordered that the said motion be granted and that said temporary injunction be granted as prayed, upon an injunction bond in

the sum of $15,000 to be filed with the clerk within five days and to be approved by him, the temporary restraining order heretofore granted to continue meanwhile in force; to which ruling the respective parties duly excepted."

On August 25, 1915, defendant in error filed a petition for an order requiring the plaintiffs in error to show cause why they should not be punished for contempt for disobeying the injunction. No temporary injunction was ever in fact issued, except the restraining order made a part of the order to show cause. On the hearing of the order to show cause a temporary injunction was granted as prayed, the temporary restraining order to continue in force in the meantime. The order granting the temporary injunction contemplated that the writ should issue within five days, as the injunction bond was to be filed within that time, so it is doubtful whether the restraining order was in force after the period of five days, that being the meantime above mentioned. But, be that as it may, the injunction granted, if any, was in accordance with the prayer of the complaint, the language of which the temporary restraining order literally followed. Assuming, therefore, that there was actually or constructively some kind of an injunction in force, we proceed to ascertain what plaintiffs in error did for which they were punished.

On August 30, 1915, the court found plaintiffs in error guilty of contempt on the allegations in defendant in error's petition, which the court found were admitted by plaintiffs in error in their answer to the same. The petition covers 46 pages of the printed record and only its substance can be stated. It set forth the official relations of plaintiffs in error to the city of Raton, the proceedings in the suit resulting in what was claimed to be the injunction granted, the knowledge of plaintiffs in error thereof, and then proceeded to charge that said plaintiffs in error had conspired and confederated together in enacting into law an ordinance of the city of Raton, known as No. 197. This ordinance, after numerous preliminary statements, ordained:

"Section 1. That the ordinance entitled 'Ordinance No. 10, granting franchise to the Raton Waterworks Company, to erect and maintain waterworks,' passed July 20, 1891, and published July 24, 1891, as amended by Ordinance No. 104, and all ordinances amendatory thereof, be and hereby are repealed, and the franchises therein granted be and the same are hereby revoked, and all rights and privileges therein granted, or thereby permitted, are null.

"Section 2. That said Raton Waterworks Company be and it is hereby directed and required immediately to remove from the streets, alleys, lanes, roads and other highways and grounds and public places within the city of Raton its pipes, conduits, structures and works of every kind and character, used or capable of being used in connection with its waterworks system in said city of Raton.

"Section 3. The mayor, clerk and city attorney of said city be and they are hereby authorized and directed to take all such steps as may be necessary on behalf of the city of Raton to effectuate the provisions of this ordinance.

"Section 4. All ordinances and parts of ordinances, in conflict with this ordinance are hereby repealed.

"Section 5. This ordinance shall take effect and be in full force five days after its passage and publication.

"Adopted and approved this 6th day of August, A. D. 1915.

"J. J. Shuler, Mayor."

That plaintiffs in error, in further carrying out their said conspiracy, had filed a bill in equity in the district court in and for the county of

Colfax, New Mexico, in a suit entitled City of Raton v. Raton Water-works Company, wherein it was prayed that an injunction issue in said suit restraining defendant in error from collecting or attempting to collect any water rentals or rates which might accrue to it, and which injunction had been issued. The situation between the parties at the time the acts complained of were committed was this: The Water-works Company, claiming that it had an exclusive franchise to furnish the city of Raton and its inhabitants with water by virtue of an ordinance of the city, had commenced a suit to enjoin the city from supplying itself and its inhabitants with water by means of a waterworks system of its own, and a temporary injunction had been issued in said action. The city, after the injunction had issued, passed the ordinance above set out, repealing the ordinance and amendment thereto, which granted a franchise to the Waterworks Company. It also commenced a suit in the state court for an injunction as heretofore stated. The passing of the ordinance and the commencement of the suit in the state court were not acts prohibited by the literal terms of the injunction, and under the circumstances which surround the case we are of the opinion that the injunction order ought not to be extended beyond its terms. The Waterworks Company had waited until the city had issued bonds to the amount of $400,000 and constructed a waterworks system of its own, which, when the bill in the present case was filed, was practically completed, and so alleged in the bill. The ordinance under which defendant in error claimed its franchise contained a provision that the city might revoke it in the event that defendant in error continued after complaint to furnish unwholesome water.

The record before us shows that on final hearing the bill in the present action was dismissed, and also the temporary injunction. While the dismissal of the bill and the injunction would not relieve plaintiffs in error from the effects of their disobedience of the temporary injunction, the dismissal may be taken into consideration in determining the equities in the proceedings for contempt. The plaintiffs in error denied under oath that they intended to violate the injunction and allege that they acted in good faith in the matter. The legislative power of the city of Raton to terminate the franchise of the defendant in error, under section 12 of the ordinance granting the same, was not destroyed by the filing of the bill in the federal court. So it seems to us that the passage of the ordinance complained of cannot be said to have been a violation of the temporary injunction. The city, it is true, might by cross-bill, or by answer in the nature of a cross-bill, have obtained all the relief which it sought in the state court; but it does not seem that the city was obliged to seek relief in that way, although, while the case was pending in the federal court, it could not do anything that would embarrass the federal court from giving the full relief to which the plaintiff was entitled under the bill. In any event the defendant in error could have obtained an injunction against the prosecution of the suit in the state court, and such relief was given at the time the judgment in contempt was entered. It was not necessary to have proceeded by way of contempt. If the defendants were to be found guilty of contempt, such finding should, under the circumstances of this case,

have been based upon a violation of the literal terms of the injunction. In other words, it is not a case where the spirit of the injunction order ought to be strongly emphasized.

The judgment against plaintiffs in error should be reversed; and it is so ordered.